CHARLES A. MUSHLITT et al., Respondents, *v.* HENRY SILVER-
MAN, Appellant.

An act authorizing property to be encumbered without or against the con-
sent of the owner, and without resort to legal process or judicial action,
is an innovation upon the common law, and will not be extended in its
operation beyond the fair and reasonable import of the words used.

One asserting a lien by virtue of a mechanics' lien law must bring himself
within its terms, and the lien must be shown not only to have been regu-
lar and valid in its inception, but to be a continuing and subsisting one.

Plaintiffs sought to enforce a lien under the act giving mechanics and
others liens for labor and materials furnished in the construction of
buildings in the county of Kings. (Laws 1862, chap. 478.) Defendant
proved the service of a notice upon plaintiffs, in pursuance of subdivi-
sion 4 of section 7 of said act, which declares that the lien shall be dis-
charged by the omission of the lienor to file an affidavit of the issuing or
service of a summons and complaint in an action to enforce the lien
within thirty days after the time specified in a notice by the owner,
requiring the commencement of an action for the enforcement of the
lien on or before a specified day and hour. The action was commenced
within thirty days after the specified time, but no affidavit of the issuing
or service of the summons and complaint was filed within that period.
*Held,* that the lien was discharged.

(Argued November 20, 1872; decided November 26, 1872.)

APPEAL from judgment of the General Term of the City
Court of Brooklyn, affirming a judgment in favor of plaintiffs,
entered upon the report of a referee.

This action was brought for the enforcement of a mechanic's
lien in Kings county, created under chap. 478, Laws of 1862.
The creation of the lien in accordance with the statute was
conceded.

On the 13th of April, 1870, about 10 A. M., defendant served
upon plaintiffs a notice requiring them on or before April 13th,
1870, at 12 o'clock noon, to commence an action for the
enforcement of their lien.

An affidavit of the service of such notice was filed in the
office of the clerk of Kings county on the 28th May, 1870.
The summons in this action was served on the 10th May,
1870, and issue was joined by the service of an answer on the

31st May, 1870. No affidavit from plaintiffs of the issuing or service of the summons and complaint in an action for the enforcement of the lien was filed within thirty days after filing of affidavit of service of notice. The referee held the neglect to file such affidavit did not discharge the lien, and directed judgment for sale of the premises. Judgment was entered accordingly.

*J. T. Marean* for the appellant. Where the lien expires at the end of a year by limitation, there can be no judgment for its enforcement unless recovered within the year. (*Grant* v. *Vandercook*, 57 Barb., 165; *Freeman* v. *Cram*, 3 N. Y., 305.) Every provision of the statute of mechanics' liens appearing to be for the protection of the owner, must be strictly construed in his favor. (Blackwell on Tax Titles, 265, and cases cited.)

*Royal S. Crane* for the respondents. The defence was merely technical, and should not be permitted upon an answer like the one in suit. (Code, § 177; *Hoyt* v. *Sheldon*, 4 Abb., 59; 6 Duer, 661.)

ALLEN, J. The act giving mechanics and others liens for labor and materials furnished in the construction of buildings in the county of Kings (Laws of 1862, chap. 478), in terms declares, that the lien shall be discharged by the omission of the lienor or claimant to file an affidavit of the issuing or service of the summons and complaint in an action to enforce the lien within thirty days after the day specified for the commencement of such action, in a notice which the owner is permitted to give, requiring an action to be commenced on or before a certain hour, on a day specified in such notice. (Act *supra*, § 7, sub. 4.) The act is so explicit in its terms that it admits of but one interpretation; and when the words of a statute have a definite and precise meaning, such meaning cannot be extended or restricted by conjecture, or under the guise or pretext of interpretation. It is not allowable to interpret that which has no need of interpretation. (*McClus-*

*key* v. *Cromwell*, 1 Kern., 593.) The natural and obvious meaning of the statute permits the owner to put the claimant in motion, to enforce his lien, by giving a notice specifying a time by which the action is required to be commenced. The action may perhaps be brought at any time during the continuance of the lien. But the claimant, to continue and preserve his lien beyond thirty days after the time specified in the notice for the commencement of the action, must file an affidavit that an action has been commenced; and if such affidavit is not filed, the lien is absolutely discharged.

When the act declares, as it does, that the lien may be discharged in any one of several methods, the happening of any of the events, or the performance of any of the acts mentioned, operate, *per se*, as a discharge, without the necessity of further acts by any person.

The lien claimed by the plaintiffs is the creature of statute, and depends solely for its validity upon the act creating it. The act is an innovation upon the common law, affecting property and rights of property, authorizing, as it does, property to be encumbered without or against the consent of the owner, and without a resort to legal process or judicial action. Such an act cannot be extended, in its operation and effect, beyond the fair and reasonable import of the words used; and the plaintiffs, asserting their lien, must bring themselves within its terms and the lien must be shown, not only to have been regular and valid in its inception, but to be a continuing and existing lien under the statute. This they have failed to do.

The referee has found that the plaintiffs did not file the affidavit of the commencement of the action within the time prescribed by the act. As the statute prescribes that as the condition of the continuance of the lien, the courts cannot dispense with it, or relieve the party from the consequences of his omission.

The judgment must be reversed and a new trial granted, costs to abide event.

All concur, GROVER, J., not voting.

Judgment reversed.