GEORGE H. PRIOR, RESPONDENT, *v.* JOHN J. WHITE, RESPONDENT, IMPLEADED WITH GEORGE W. MELVIN, APPELLANT.

*Mechanics' liens in Brooklyn — notice of the legal steps taken to enforce it must be filed with the county clerk — 1862, chap. 478, sec. 7, sub. 3.*

One Melvin, in December, 1879, filed a lien for services rendered by him as a subcontractor in erecting a house in Kings county, as provided by chapter 478 of 1862, and thereafter commenced an action in the City Court of Brooklyn to foreclose it. Subsequently the plaintiff, the original contractor, filed a lien against the same property and brought an action in the County Court to foreclose it, Melvin being made a party defendant. Thereafter the City Court stayed all proceedings in the action brought by Melvin until the determination of the one brought by the plaintiff. Melvin having failed to file with the county clerk any notice of the legal steps taken to enforce his lien, the latter, upon the expiration of a year from the time of the filing of the lien, noted the fact of his failure so to do in the book of liens as provided in subdivision 3 of section 7 of the said act.

*Held*, that such entry was properly made by the clerk, and that Melvin's lien was thereby discharged.

*Mushlitt* v. *Silverman* (50 N. Y., 360) followed.

APPEAL from a judgment, entered upon the trial of this action by the county judge of Kings county without a jury.

This action was brought to foreclose a mechanic's lien created by a notice filed as provided by chapter 478 of 1862.

The defendant White, who owned the land, which was situated in the town of Gravesend, Kings county, contracted with the plaintiff Prior to erect a house for a specified sum. Liens against the property were filed by the plaintiff, and the other defendants who had been employed by him. Melvin, one of the defendants, filed his lien on December 11, 1879, and on the 3d day of January, 1880, commenced an action in the City Court of Brooklyn to enforce it. The plaintiff's notice of lien was filed and this action was commenced in the County Court on January 6, 1880. Subsequently an order was made in the City Court staying all further proceedings in Melvin's action until the determination of this one. On December 23, 1880, the county clerk of Kings county made the following entry in relation to the Melvin lien in his book of liens : "No notice filed of legal steps taken to enforce this lien, December 23, 1881." The court below held that the failure of Melvin to file such notice destroyed and discharged his lien.

*George B. Adams,* for the appellant.

*A. C. Shenstone,* for the respondent Prior.

*Jesse Johnson,* for the respondent White.

BARNARD, P. J. :

The question presented arises under chapter 478 of the Laws of 1862, "An act for the better security of mechanics, laborers and others who perform labor or furnish materials for buildings and other improvements in Kings and Queens counties." After providing for the lien, the act provides for a discharge of the lien "by an entry of the clerk made in the book of liens after one year has elapsed since the filing of the claim, stating that no notice has been given to him of legal steps to enforce the lien." (Sec. 7, sub. 3.) One George W. Melvin filed his notice of claim in due time, and commenced, in fact, proceedings by action to enforce the same within the year required by the lien statute.

Subsequently the plaintiff also in due time filed his claim and brought his action to enforce the same. The County Court, in which both actions were pending, stayed the actions brought by Melvin until the plaintiff's action was decided, for the reason that that action would settle the issue presented by Melvin. The case was tried, but before the trial the year expired, and the clerk, after the year expired since Melvin's claim was filed, made, at the instance of the plaintiff, the entry discharging the lien, because of the fact that no notice was given him of the legal steps taken to enforce the lien. The court thereupon decided that the lien was properly canceled. This decision is in accordance with *Mushlitt* v. *Silverman* (50 N. Y., 360). The lien law permits an owner to notify the claimant to bring his action to enforce his lien within thirty days after the notice and upon filing an affidavit of service of the notice and the lapse of the time without an affidavit by the claimant of the commencement of the action, the lien shall be canceled. An action was in fact commenced in time by Mushlitt against the owner, but the claimant did not file this affidavit. The Court of Appeals held the lien discharged. The court say that "when the act declares, as it does, that the lien may be discharged in any one of several methods, the happening of any of the events, or the performance of any of the acts mentioned, operate *per se* as a discharge, without the necessity of further acts by any person." The stay of proceedings in the action of Melvin to enforce the lien did not excuse the omission to file the notice with the clerk of the legal steps taken. That was not a proceeding in the action. The claimant must keep his lien a continuing and existing one before the court is empowered to enforce it. If there had been no stay, the notice to the clerk was necessary, and in point of fact the action was tried in the present action. The judgment should be affirmed, with costs.

PRATT, J., concurred.

Present — BARNARD, P. J., DYKMAN and PRATT, JJ.

Judgment of County Court affirmed, with costs.