FINANE and another *v.* LAS VEGAS HOTEL & IMP. CO.

Filed January 31, 1885.

1. MECHANIC'S LIEN—PROPER TRIBUNAL TO ENTERTAIN PROCEEDINGS.
    In the absence of a plain statutory provision making it an action at law, the proceeding to enforce a mechanic's lien must be taken upon the equity side of the court.

2. SAME—VERIFICATION OF LIEN—NEW MEXICO STATUTE.
    By strict construction of the laws of the territory, (Prince's Laws, p. 409, par. 6,)—and mechanic's lien laws should be strictly construed,—the instrument, when filed, should have been verified; and it should appear upon its face to have been verified, before it can be made the basis of a proceeding to enforce the claim based upon it.

Appeal from First judicial district court, San Miguel county.

*Lee & Fort,* for appellees.

*Catron, Thornton & Clancy,* for appellant.

BELL, J. This is an action of *assumpsit,* (trespass on the case upon promises,) brought by the plaintiffs against one John B. Wooten, jointly with the appellant. The declaration contains the common

counts in *assumpsit*, alleging indebtedness by Wooten, his promise to pay, and the breach. This is followed by a special count, setting forth that the "work, labor, service, and materials" were performed and furnished for and about the construction of a building, the property of the appellant, and also setting up the making and filing of a claim for lien ·on the real estate of the appellant, upon which the building was erected, in accordance with the statutory requirements. These counts are followed by a prayer for judgment against Wooten "for the said several sums of money, and that said real estate, or so much thereof as is necessary to satisfy plaintiffs' claim, be sold for said purpose, pursuant to law in such case made and provided." To this declaration the defendant Wooten pleaded the general issue. The appellant herein appeared separately and pleaded, first, the general issue to the common counts, and then added a special plea, specifically denying each and every allegation in the special count in the declaration. The appellant also filed a plea in abatement, alleging that, since the commencement of this action, the plaintiff had brought another proceeding in equity, in the same court, for the same cause of action, and between the same parties. To this plea the plaintiffs demurred, which demurrer was sustained by the court below. Upon the issues thus framed, trial was had, which resulted in a general verdict against Wooten, assessing plaintiffs' damages at $464.44, and the special finding against the appellant that the lien of plaintiffs was duly filed against the property of appellant, as set forth in the special count in the declaration. Before judgment was entered, motions were made on behalf of the appellant for a new trial and in arrest of judgment, both of which were denied. All the evidence is brought up by the bill of exceptions.

Various errors are assigned in the proceedings in the court below, some of which we will consider. The first, second, and third may be considered together. The first is that such a suit could not be properly brought as an action at law. The second is that two causes of action, one at law, the other in equity, are improperly joined. The third is, the judgment against this defendant is not such as can be properly rendered in a court of law. We think these points well taken. A careful examination of the law applicable to the enforcement of mechanics' liens, leads us to the conclusion that, in the absence of plain statutory provisions making it an action at law, the proceeding must be one taken upon the equity side of the court. While the right to a lien and its enforcement is purely the creation of statute, it is so complex in its nature, because of the relations of the parties to each other and the mixed character of the relief granted, that the proceeding is one necessarily utterly at variance with the forms of proceeding in an action at law, and can only be properly dealt with upon the equity side of the court, in the absence of statutes upon the subject. This must always be the case where the statute creating the lien does not specifically point out a method for its enforcement. In

v.3N.M.—17

many of the states, special provisions are made in the mechanic's lien laws for the methods of procedure for their enforcement, and these methods, it is universally held, must be strictly followed. Of course, where the law itself provides complete machinery for its enforcement, it becomes a special statutory proceeding, and may, in such cases, partake both of the character of an action at law and of a suit in equity. It is, as it is termed in New York, a special proceeding in which the statutory methods are to be strictly pursued. As is said by Phillips in his work on this subject:

"The character of the proceeding, whether legal or equitable, depends upon statutory provision. A legislature has the constitutional power to frame acts, making the proceeding partly according to the course of the common law and partly according to proceedings in equity." Phil. Mech. Liens, par. 308.

By the laws of this territory, no method is prescribed for the enforcement of the liens created by statute. In such case, the learned author from whom we have just quoted says:

"Where no special mode of proceeding is pointed out for enforcing the lien, the remedy should be in accordance with the general principles and practice relating to the enforcement of liens. Thus, on a subcontractor bringing suit to enforce his lien, he should make his employer a party as well as the owner of the land, so as to have adjudicated the amount of the debt due at the same time, and also to make others who have liens parties, to settle their validity and adjust their priority." Id. 309.

The author is treating of a proceeding similar to the one at bar, and where no statutory method of procedure is pointed out. It is perfectly clear that, in such a case, a suit upon the equity side of the court could be the only proper method of enforcing the lien. In the absence of statutory provisions to the contrary, no lien of any kind can be enforced except by a proceeding in equity. The form of action in the case at bar was that of a common-law action, and in it, two causes of action—one at law, in which a judgment at law is asked; the other in equity, in which equitable relief is prayed for—are joined. We are of opinion that the suit was improperly brought, and that the judgment could not properly be rendered against the defendant in such a form of action, and that, therefore, the motion to arrest the judgment should have been granted. The sixth assignment of error is: The court erred in admitting in evidence the pretended record of the mechanic's lien sued on. The rights conferred by these liens are purely statutory, and were utterly unknown at the common law or in chancery. They are in violent derogation of the rights of property at the common law, and must be strictly construed. On this subject Phillips says:

"The lien of mechanics and material-men on buildings, and the land upon which they are erected, as security for the amount due them for work done and materials furnished, is the 'creation of statute,' and was unknown either at common law or in equity." Id. par. 1.

Treating of the construction of these laws, the same author says:

"As the laws call for nothing unreasonable at the hand of him who would fasten an incumbrance upon the property of his neighbor, no just ground of complaint is afforded by insisting upon a rigid adherence to its provisions, [citing *Noll* v. *Swineford*, 6 Pa. St. 187;] so an act authorizing property to be incumbered without or against the consent of the owner, and without resort to legal process or judicial action, is an innovation upon the common law, and will not be extended in its operation beyond the fair and reasonable import of the words used, [citing *Mushlitt* v. *Silverman*, 50 N. Y. 360.] * * * Statutory provisions permitting the summary enforcement of private charges, such as mechanics' liens, on property without the consent of the owner or judicial sanction, cannot be extended in their operation beyond the plain and fair sense of the terms in which they are expressed. A title, therefore, under the mechanic's lien law, is purely statutory, and its validity depends on an affirmative showing that every essential statutory step in the creation, continuance, or enforcement of the lien has been duly taken." Id. par. 18.

An examination of the record of the mechanic's lien, or rather the claim for lien, which was filed in the probate clerk's office, and which was offered and received in evidence at the trial in the court below, over the objection and exception of appellant, discloses the fact that though it purports to have been sworn to, neither the signature nor seal of the officer before whom it purports to have been verified appears. This, we think, should have been fatal to the admissibility of the paper as a claim of lien, and fatal to the right to enforce any lien based upon it. The lien statute of the territory requires that the claim of lien to be filed for record must be verified by the oath of the person making the claim, or of some other person. Prince's Laws, p. 409, par. 6. This is a substantial and necessary requirement, and must be complied with in order to make the claim of lien effectual. The statute makes it obligatory by the use of the word "must," and we think it was error for the court below to have admitted the paper in evidence. Nor was the error cured by proof at the trial that the claim of lien was in fact sworn to before being placed upon file. We think that the instrument, when filed, should have been verified, and that it should appear upon its face to have been verified before it could be made the basis of a proceeding to enforce the claim based upon it. We do not deem it necessary to examine the other assignments of error, as, for the reasons we have already stated, the judgment in this case must be reversed, and the complaint dismissed, with costs to appellant.

WILSON, J., concurs.