ANNA S. ANDERSON, APPELLANT, v. BINGHAM, TEAGUE & CO., APPELLEES.

MECHANICS' LIEN STATUTES CONSTRUED.—A lien claimed for materials furnished in the erection of a building, when sought to be enforced against the property after it has passed into the hands of a purchaser for value having no knowledge of the lien, and who made no agreement to pay the indebtedness, cannot be maintained where the requirements of the statute in respect to the necessary steps to be taken to obtain a lien have not been strictly complied with.

INSUFFICIENT NOTICE OF LIEN.—A notice of lien filed by material men which fails to name the city or county in which the property is situated on which the lien is claimed, and containing no statement of ownership, or any extrinsic circumstances to aid in its identification, is insufficient to charge the property as against a purchaser for value without knowledge of the claim.

*Appeal from District Court of Arapahoe County.*

BINGHAM, TEAGUE & COMPANY brought this suit as

material men to recover for the materials furnished for the construction of certain buildings upon some lots in an addition to the city of Denver.   The complaint stated that the stuff was sold to one Ferguson, who was the owner of the premises at the time the supplies were sold and delivered, but that he subsequently conveyed his title to the appellant, Mrs. Anderson.   These supplies were furnished between the 25th day of February, 1889, and the 22d day of June, in the same year, and amounted to two hundred and twenty-eight dollars and eighty-four cents.   After the supplies were furnished and after the property had been sold, Bingham, Teague & Company, on the 6th day of July, 1889, attempted to secure a lien upon the property by filing a notice under the statute. The notice was in the form following:

"To all whom it may concern:—

"Know ye that Homer W. Bingham and Lemuel Teague, partners doing business under the name and style of Bingham, Teague & Company, of the county of Arapahoe and state of Colorado, do hereby give notice of their intention to hold and claim a lien, and they do under and by virtue of the statute in such case made and provided, hereby hold and claim a lien upon the north half of lot number 30 and the south half of lot number 31, in block number 4, in M. Sumner's addition.

"That the said lien is claimed and held for and on account of lumber and other materials furnished in the erection and construction of a certain brick dwelling-house, out-buildings and fences, situated on the above described premises.

"That the whole amount of indebtedness for such lumber and other materials is two hundred and twenty-eight dollars and eighty-four cents; that the whole amount of credits thereon is no dollars and no cents; and that the balance due and to become due to the said ——— is two hundred and twenty-eight dollars and eighty-four cents."

The foregoing notice of lien was signed by Bingham, Teague & Company and verified by a member of the firm, and subsequently filed in the recorder's office of the county.

The action was commenced to foreclose the lien, and in general the complaint contained the allegations requisite to a statement of the foregoing facts, but did not otherwise, than by the inference to be drawn from the statement that the notice was recorded, allege that the appellant, Mrs. Anderson, had any notice of the filing of the lien. Neither the transcript nor the abstract contained any of the evidence introduced upon the trial, and there is nothing in the record to show that Mrs. Anderson bought with reference to the lien or that it was in any way brought to her attention. The trial resulted in a judgment against Mrs. Anderson, enforcing the lien from which the present appeal was prosecuted to the supreme court, whence under stipulation and by order it was transferred to this court for determination.

Messrs. BROWNE and PUTNAM, for appellant.

Messrs. BENEDICT & PHELPS & MR. HENRY C. CHARPIOT, for appellees.

BISSELL, J., The right to maintain the present action is necessarily dependent upon the legal effect resulting from the filing of the notice contained in the statement. There is no other question presented. The sale and delivery of the materials to Ferguson, who was the owner of the property prior to the sale to Mrs. Anderson, is admitted. The notice was filed in the recorder's office of Arapahoe county within the time limited by the statute, and for the purposes of this decision it may be conceded that the property described in the notice is situate within the limits of the county. The purchase by Mrs. Anderson having been made prior to the time the notice was filed, although within the sixty days limited for the filing of liens, she must be held to have taken title freed from the burden of this claim, under the lien statute, unless without more the notice be held to charge her with the liability. According to the views held by this court concerning the proper construction of that statute, the notice was wholly in-

sufficient to impose any obligation on her.  There is a very
great discrepancy in the authorities as to the policy and pur-
poses of lien statutes, and as to the principles which are to be
adopted in their construction and enforcement.  Some pro-
ceed upon the hypothesis that they were enacted for the bene-
fit of mechanics.  It is contended that these enactments are
but an extension of the common law right of the bailee for
hire who is employed to do work upon a chattel to hold it for
his claim until he is paid for his labor.  Generally it may be
said that the decisions which proceed upon this hypothesis
were either rendered upon statutes which gave the right of
lien to persons who performed labor as contradistinguished
from those who sold materials, or else that the decisions were
rendered upon slight consideration of the purposes to be ac-
complished, and of the persons to be benefited.  The other
line recognizes what every candid man must admit, that as
to all but mechanics and laboring men the legislation is spe-
cial, and gives to one class of dealers rights denied to men
who furnish other sorts of supplies for use and consumption.
In respect of everything sold other than labor there is a com-
plete departure from the principle which determined the
rights of the bailee at the common law.  These authorities
very properly declare that all legislation of this sort is of a
class character, and is an attempt by the legislature to give
to persons who have no contract which would entitle them to
any such advantage the right to encumber and embarrass the
title to property.  They hold that such statutes must be
strictly construed, and when the controversy, as in the case
at bar, is between the lien claimant and a purchaser without
knowledge of the lien, the material men should be held to
an exact and literal observance of the provisions of the law.
Every consideration of equity and fair dealing requires it.
*Mushlitt et al. v. Silverman*, 50 N. Y. 360 ; *Esterley's Appeal*,
54 Penn. State 192 ; *Merritt v. Fisher*, 19 Iowa 354.

In reaching this conclusion the court is entirely unembar-
rassed by *Martin v. Simmons, et al.*, 11 Colo. 411.

If the decision in that case had been far reaching enough

to include a declaration upon this principle, probably this court would have felt bound to follow it. It is enough to say, however, that the limitations expressed in the opinion and found in the facts underlying it remove it wholly from the domain of the present controversy. As stated therein, Simmons expressly agreed to become bound for the materials which were furnished. He was the owner of the property which was to be charged with the lien. It was in proof that he had no other property within the limits of Arapahoe county. The notice was conceded to be defective, yet the debt was charged upon the property as against him. The judgment however was expressly based upon the facts, and not upon the rule that without more, a notice which failed to locate and identify the property was sufficient to bind it in a third person's hands.

Appellees' right to recover is dependent upon a notice which does not identify the property by naming the city in which it is to be found, or the county wherein it is situate. It is wholly unaided by any statement of the ownership of the property or of any extrinsic circumstances which would aid in its identification. It is a case barren of equities and entitled only to those legal rights which may be acquired by an exact fulfilment of the stututory requirements. When the right to enforce a debt against property held and owned by one who did not contract the debt, nor agree to pay it, is to be deduced from the constructive notice afforded by record, it violates no rule of statutory construction and impinges upon no equities possessed by the claimant to hold him to the letter of the act.

Generally in the law it has been accounted necessary to show a contract, or to commence the enforcement of a legal right in order to justify the embarrassment of the title to real property. Statutes permitting such things to be done by the simple record of a notice which may or may not be the inception of a valid claim do not justly admit of any other than a strict construction, at least as against what are well termed material men. It is not intended to extend the doc-

trine beyond the necessities of the present case. Many reasons can be urged for the maintenance and enforcement of these statutes in so far as they seek to protect the mechanic and the laborer. In respect of them it is only an extension of the right of the bailee to cases where labor is expended upon things which are not in possession, and within the meaning of the law cannot be reduced to possession. It is simply insisted that the liens of men selling supplies must be subject to the equities of innocent purchasers for value, unless they are brought within the precise terms of the legislative enactment.

The rule here declared finds ample support in well considered cases. *De Witt, et al., v. Smith, et al.*, 63 Mo. 263; *Matlack, et al., v. Lare*, 32 Mo. 262; *Bassbor v. Kilbourn*, 3 McArthur 273; Phillips on Mechanics' Liens, chap. 32, § 378 *et seq.*

The notice of the lien being wholly insufficient under the record to charge the property with the claim as against the purchaser, Mrs. Anderson, this cause must be reversed and remanded for further proceedings in conformity with this opinion.

*Reversed.*