Thomson, J.,
delivered the opinion of the court.
Appeal from a decree enforcing a mechanic’s lien. The record is quite voluminous, but most of the questions which are discussed in the briefs of counsel are settled by the pleadings. Outside of them there was comparatively little for the trial court to investigate. The complaint alleges, and the answer does not deny, and therefore admits, that the plaintiff, Eye, performed labor and furnished materials in the construction of a building upon a parcel of laud owned by the principal defendant, Josie E. Branham, at the instance and request of C. A. Branham, her husband, and duly authorized agent; that within sixty days after the alleged completion of his contract, the plaintiff filed with the recorder of the proper county a claim containing a statement of his demand after deducting all just credits and offsets, with the name of the owner, and the name of the person by whom he was employed, and a description of the property to be charged with the lien; and that written notice of the intention to file the lien was given to the owner twenty-four hours before the lien was filed. The complaint alleged that the value of the labor performed, and materials furnished, was <1105.08; this the answer denied. The complaint also alleged, and the answer denied, that the lien claim as filed contained a statement of the terms and conditions of the contract as the statute requires. Further, while not denying the contract as *21 the complaint stated .it, the answer set up a contract under which it alleged the plaintiff acted, and then averred that in certain specified particulars he failed in compliance with its terms.
The only issue made by the pleadings were therefore upon the value of the labor and materials, the completion by the plaintiff of his contract before filing his lien claim, and the contents of the statement filed. The court found that the value of the labor and materials was as the complaint stated it, and there was substantial evidence in that direction. The defendant introduced a written contract between the plaintiff and C. A. Branham, the admitted agent of Josie Branham, but there was evidence showing that after its execution, and during the progress of the work, such modifications and changes were, by agreement of the parties, made in the amount and kind of work to be done, that the written instrument was, at best, only a part of the entire contract. Upon the questions of the amount due, the terms and conditions of the contract, and its completion in accordance with its terms, the court found with the plaintiff, and the finding, being based on evidence introduced, is conclusive upon us.
The lien claim stated the terms and conditions of the contract to be the furnishing of the material and the performance of the labor by the plaintiff, and the payment of the amount agreed upon, aggregating $105.08, by the owner, when the work should be completed, and the building accepted. This was a sufficient statement of the terms and conditions of the contract. The statute does not' contemplate that all the minutiae and detail of the work to be done shall be incorporated into the lien statement. If there is anything in the argument for the appellant, all plans and specifications accompanying a building contract, and made a part of it, must be shown in the statement as conditions of the contract. We cannot adopt this view. We think the law is satisfied by a general statement, such as the one before us, of what each party to the contract obligates himself to do. See Tredinnick v. Mining Co., 72 Cal. 78. The court *22 found that this statement was in accordance with the facts. Upon the questions of the completion of the contract and the acceptance of the building, the court also found for the plaintiff. Upon all the questions of fact involving the plaintiff’s right to a decree, the findings were in favor of the plaintiff and there was evidence to sustain them.
Joseph H. Smith, the public trustee of Arapahoe county, and Otellis Eyser, were named as defendants in the complaint. Summons were served on Smith, but not on Eyser. Smith did not appear, and the only answer was that of Josie E. Branham. It is objected that the case went to a decree without service of process on Eyser. Nowhere, in complaint, answer, evidence or decree, does it appear what relation either Smith or Eyser sustained to the subject-matter of the suit. The statute requires no parties to a suit for the enforcement to a mechanic’s lien, except the owner and persons having claims for liens, the statements of which have been filed as the statute provides. Any number of lien claimants may join as plaintiffs, and those who are not made parties plaintiff may be made parties defendant. Persons claiming interests of some other kind in the property involved ■need not be made defendants. So far as the record discloses, these two persons were not necessary parties, and it is immaterial whether process was served on them or not. Whatever interest the party not served may have in the premises is unaffected by the decree. For aught that is shown by the record, the court was authorized to adjudicate the controversy between the plaintiff and Josie E. Branham without the presence of any other parties.
Upon the record the judgment was right and must be affirmed.

Affirmed.