In the Matter of the Application of MARGARET A. HUNTER, Respondent, to have Vacated an Assessment for the Construction of a Sewer in Rawson and Third Streets in the City of Albany.

### CITY OF ALBANY, Appellant.

MUNICIPAL CORPORATION — DEDICATION OF STREET — ACCEPTANCE BY AUTHORITIES — NEW METHOD CREATED BY CITY CHARTER NOT EXCLUSIVE. When a city charter provides a new way of accepting land tendered for a public street, and does not purport to provide an exclusive method of tender and acceptance, it does not preclude existing methods of dedication under the common law, and the courts cannot make a limitation the legislature did not impose, since if an extreme and extraordinary change of the common law had been intended it would expressly appear and not be left to implication.

(Submitted October 1, 1900; decided October 23, 1900.)

MOTION for reargument.   (See 163 N. Y. 542.)

*W. Frothingham* for motion.

*Arthur L. Andrews* opposed.

VANN, J.   Upon deciding the appeal in this matter we held that a strip of land in the city of Albany, which for years had been thrown open by the owner to public use, had been designated by him as Rawson street and had been generally known and used as a highway under that name, became one of the streets of the city upon the passage of an ordinance by the common council directing the construction of a sewer therein, and referring to it as a street *eo nomine*. (*Matter of Hunter*, 163 N. Y. 542.) We are now asked by this motion to consider the effect of a section of the city charter which provides that " all streets, avenues and alleys in said city which have been or may be thrown open to public use, and have been or may be used as such for five years continuously, shall be deemed and taken to be public streets, avenues and alleys; provided that the common council shall,

by a vote of two-thirds of all the members elected thereto, accept such streets, avenues and alleys; and the city of Albany and the common council thereof shall have all jurisdiction and power in respect thereto, the same as if such streets, avenues and alleys had been or shall be opened by proceedings, had for that purpose under the provisions of this act." (Laws of 1891, chap. 286, § 31.)

Although we had considered the subject, we did not give expression to our views thereon, because every question raised by counsel cannot be formally discussed without unduly lengthening the opinion, and to merely state the conclusion of the court without giving its reasons adds little to the necessary effect of the decision. Since counsel regard the point as of importance to the public, as well as to the municipal authorities with reference to future action, we will briefly announce our views.

The court held in its opinion that the land in question became a public street through tender of dedication by the owner and acceptance by the city, according to the principles of the common law governing the subject. The charter, by simply providing a new way to accept, did not blot out the old way, nor abolish the common law relating to dedication. The effect of the statute is not exclusive because it does not purport to provide an exclusive method of tender and acceptance, and if the legislature had so intended the presumption is that it would have so stated. A statute making an innovation upon the common law should not be extended in operation or effect beyond the fair and reasonable import of the words used. (*Mushlitt* v. *Silverman*, 50 N. Y. 360, 362.) As the act does not preclude existing methods, the courts cannot make a limitation which the legislature did not impose. Any other construction than the one we have indicated might result in serious public inconvenience, as the members of the legislature are presumed to have known when they passed the statute. If land in the city of Albany is thrown open by the owner to public use as a street for year after year, and there is a general desire that it should become a street, why

should the legislature compel the public authorities to wait for five full years before they can accept it as a street, when the interest of the city requires immediate acceptance? Why should user for five years be required, if the land is needed at once? Why should a body, which has power at any time to purchase or condemn real property for a street, be compelled to wait so long before it can accept the land needed as a gift? If there has been a tender of dedication, with public user for a much longer period than five years, and the people have not only built with reference to the land as a street, but the common council has repeatedly recognized it as a street by grading, paving and naming it so that it is practically a city street, why should the legislature require a formal acceptance by an ordinance passed by a vote of two-thirds of all the members of the common council in order to make it a lawful highway? Why should the hands of the city be tied unnecessarily, or formal action be imperatively required, in order to make a street out of that which, for all practical purposes, has been a street for years? While the argument *ab inconvenienti* is not controlling, these questions have a bearing upon the intention of the legislature, and confirm the view that if an extreme and extraordinary change of the common law had been intended, it would expressly appear and not be left to implication.

But, it may be asked, what was the object of the statute? There may have been several, such as a desire to authorize a method of acceptance capable of easy proof, or that the city should be able to acquire the fee of a street by dedication, the same as the charter authorizes through the process of condemnation. (L. 1883, ch. 298, p. 405.) We are not, however, required to now answer this question, as the present controversy is disposed of by holding that the charter does not provide the only way to accept a tender of dedication.

The motion should be denied, with $10 costs.

PARKER, Ch. J., O'BRIEN, BARTLETT, HAIGHT and CULLEN JJ., concur; LANDON, J., not sitting.

Motion denied.