Gunter, J.
*127 Fisher owned two lots in the city of Pneblo, and thereon gave a trust deed to secure an indebtedness to appellee. While this was in force and of record, he had a stone sidewalk constructed along two sides of the lots and in the public street. Having failed to pay appellant, the contractor furnishing the stone and building the walk, appellant filed a mechanic’s lien statement, and thereby claimed a lien upon the lots and upon the sidewalk for the material furnished and work done. In due time appellant sued to establish, by decree, his lien, making the owner (Fisher) defendant. Neither appellee nor the trustee in the trust deed was a party. A judgment by default was entered establishing the lien, authorizing the sale of the premises and the sidewalk, and the removal of the sidewalk by the purchaser at such sale should there be no redemption. Appellant was the purchaser, and, there being no redemption, was about to remove the sidewalk when this action to enjoin the removal was instituted. At the time this action was brought appellee was the holder of above indebtedness, and at the foreclosure of the trust deed, made during the pendency of the action, became the purchaser of the lots secured thereby. This purchase was set up by an amendment to the original complaint. A judgment awarding the injunction was granted. Therefrom is this appeal.
Appellant says the judgment purporting to establish a lien is binding on appellee. This appellee denies and says the premises are not subject to a lien for the sidewalk.
1. Appellee, although the beneficiary under the trust deed when the sidewalk was ordered and constructed, the lien statement filed, and the Suit to foreclose instituted, was not a party to the suit. Although so interested in the property it has never had the *128 opportunity of contesting the validity of the alleged lien.
The authorities justify the conclusion that while appellee was not a necessary party to the proceeding to establish the lien, and while the judgment establishing it is valid as to the then owner, Fisher, appellee is not bound nor affected by this judgment, and is at liberty in this proceeding to assail its validity.— Phillips on Mechanics’ Liens (3rd ed.) §241; Id. §456; Whitney v. Higgins, 10 Cal. 547; Horn v. Jones, 28 Cal. 194, 203; Corser v. Kindred, 40 Minn. 467.
Branham v. Nye, 9 Colo. App. 19, 22, 47 Pac. 402, is not contra to this conclusion. It simply holds that only persons having mechanics’ liens, the statements of which'have been filed as the statute pro-, vides, and the owner of the premises sought to be charged, are necessary parties to a suit to enforce a mechanic’s lien. It further holds that the beneficiary of a trust deed on the property at the time of the institution of suit to foreclose the mechanic’s lien is not a necessary party to the suit, and that he is not bound or affected by a judgment rendered in such proceeding to which he was not a party. The court said:
"Persons claiming interests of some other kind in the property involved (that is, parties other than mechanic’s lien claimants and the owner) need not be made defendants. * # * Whatever interest the party not served may have in the premises is unaffected by the decree.”
This was said with reference to a beneficiary under a trust deed, not a party to the suit.
In Cornell v. Lumber Company, 9 Colo. App. 225, it was decided that the beneficiary of a trust deed was not a necessary party to the foreclosure of a mechanic’s lien. There the appellant, without aver- *129 ling that he had any defense to the lien through which appellee claimed, or that he could have defeated it if a party to the proceeding in which it was declared, was denied on such showing the right to assail the lien, and in so deciding the court said:
“We do not undertake to determine what, if any, right of redemption appellant had or has, nor do we intend to preclude him from asserting any right he may have. The question must be determined on the case made when a suit is brought for that purpose. ’ ’
The holding of the court is, in substance, that the beneficiary under the trust deed was unaffected by a foreclosure of the mechanic’s lien, to which proceeding he was not a party.
2. There was no- right in appellant to a lien upon the lots for the construction of the sidewalk. Such right is determined by the statute, which is strictly construed in determining the cases within it. —Anderson v. Bingham, Teague & Co., 1 Colo. App. 222, 225, 28 Pac. 146.
The statute is:
“Whoever shall do any work or furnish any material by contract, express or implied, with the owner of any land, his agent or trustee, for the construction, enlargement, alteration, or repair of any building or other structure upon such, land, or in making any other improvements or in doing any other work upon such land * * * shall have a lien upon such land, building, structure or other improvement for the amount and value of the work so done or material so furnished, to the extent of the interest or claim of such owner thereto at the time of the commencement to do such work or to furnish such material; •***.”
Mills’ Ann. Stats., Yol. 2, sec. 2867, as to the question before us, is not modified by sec. 2871, Id.
*130 The sidewalk in question was not laid upon the land of the owner; it was laid in the street.
The statute does not give a lien for the work done and material here furnished because the improvement resulting was not made upon the land of the owner.
‘ ‘ Construing strictly the above recited section of the Code, we think that a mechanic who lays a sidewalk in front of real estate of his employer is not entitled to a lien therefor on the real estate. The lien is given for building, repairing or improving any 'real estate, which we think means that the building, repairs or improvements must be upon the real estate itself in order to give a mechanic a lien. The sidewalk of a public street is not upon the real estate of the owner of the adjacent lot. Paving the sidewalk is an improvement to the public street and facilitates the passage of pedestrians in front of the lot, but it .cannot be said in law that it improves the real estate. P is made as much or more for the benefit of the public than it is for the owner. In our opinion it does not improve the lot any more than does the paving of the street in front thereof.” — Seeman v. Schultze, 100 Ga. 603, 606.
“The sidewalk is not situated upon the lot sought to be charged, but in the street on which it fronts. It is not an improvement upon or of the. lot, nor was it made for the benefit of the owner, but of the public, and was constructed by the owner, as we presume, in obedience to some requirement of the town government.” — Coenen & Mentzer v. Staub, 74 Ia. 33; Smith v. Kennedy, 89 Ill. 485.
Judgment affirmed.

Affirmed.