Arnold *v.* City of Orange. *73 Eq.*

FRANK ARNOLD et al.

*v.*

CITY OF ORANGE et al.

[Submitted May 15th, 1907. Decided May 25th, 1907.]

1. A mere dedication without acceptance is insufficient to charge the dedicated land with a public use and with public liability.

2. The erection of a street light by a private corporation within the limits of a street dedicated to a village, the maintenance of which was paid for by the village, is not sufficient to show an acceptance by the village of the street dedicated.

3. The construction of a public sewer by proper municipal authority at the expense of the municipality in a dedicated street connected with the municipality's general system of sewers is an acceptance of the dedication of the street through which the sewer was constructed.

4. An agreement by a village with a city granting the latter the right to lay water pipes through certain of the village streets for a valuable consideration, to which was attached a map showing the location and boundaries of a dedicated street included among those in which the pipes were to be laid, was an express recognition of the public character of the dedicated street, and sufficient to show an acceptance of the dedication.

5. The fact that a village charter prescribes for the acceptance of a dedicated street by an ordinance especially devised, drawn and adopted, does not exclude the common-law methods of acceptance.

On final hearing on pleading and proofs.

*Mr. Albert C. Wall* and *Messrs. Smith & Dugan,* for the complainants.

*Mr. William A. Lord,* for the defendants.

HOWELL, V. C.

This suit is brought to restrain the city of Orange from laying water pipes through a strip of land lying in the village of South Orange, called Clark street, the title to a portion of which, to the middle of the strip, is claimed to be owned by the complainants.

The water pipes in question are parcel of the water-supply system of the city of Orange, but in order to reach that municipality it was deemed necessary to construct the line through the village of South Orange. Permission was granted for this purpose by the village to the city and the work was begun. The permission given by the village to the city included a right to lay the pipe line through the so-called Clark street. The complainants conceiving that this so-called street was a private roadway, and that the village had no authority to grant permission to use it for any purpose, bring this suit to restrain the city and its contractor from infringing upon their private rights by the construction aforesaid.

The city claims that Clark street is a public highway and as such is subject to the legislative permission contained in the statutes under which it is laying its pipe line. Indeed it was admitted on the argument that in 1870, two years before the organization of the present South Orange village government, the land now lying within the boundaries of Clark street was dedicated to public uses as a public highway by an agreement between Haskell and Page, under whom the complainants derive their title, and it appeared by the testimony of the surveyor who did it that the street was actually laid out on the ground in the year 1871.

I think there is no question but that there was a dedication as is claimed by the city, but a mere dedication without acceptance is insufficient to charge the dedicated land with a public use and with public liability.

Mr. Justice Lippincott, in *New York and Long Branch Railroad Co.* v. *South Amboy, 57 N. J. Law (28 Vr.) 252,* says: "Whilst the fact of dedication may be clear as against the owner or those claiming under him, yet there must exist on the part of the public a ratification or acceptance evidenced by some authorized formal municipal act or a public user. The public acquired no rights, nor is it subject to any burdens by reason of the dedication unless it be by some formal act of acceptance or by unequivocal public user." *Trustees* v. *Hoboken, 33 N. J. Law (4 Vr.) 13; Holmes* v. *Jersey City, 12 N. J. Eq. (1 Beas.) 299; Booraem* v. *North Hudson Railroad Co., 39 N. J. Eq. (12 Stew.) 465.*

The city claims that the village did exercise unequivocal municipal authority by formal municipal acts over the property in question to a sufficient extent to warrant the finding of an acceptance, in short, that there was an acceptance of the dedication.

In one case a private corporation erected a street light within the limits of the street, the maintenance of which was paid for by the village. This, however, under the opinion of Vice-Chancellor Emery, in *Robertson* v. *Meyer, 59 N. J. Eq. (14 Dick.) 370,* would not be sufficient to justify the conclusion of an acceptance. Neither do I think that the failure of the village to tax the land as private property is any evidence of acceptance, because it may well be, as was said by the complainants' counsel on the argument, that the valuation of the abutting land for purposes of taxation included the value of the land within the lines of the so-called street; nor is the somewhat limited user by the public, standing alone, a sufficient fact from which to infer an acceptance which would bind the municipality. Its public use resembles very much the use of Henry street in South Amboy described in Mr. Justice Lippincott's opinion above referred to, which was thought by the supreme court to be insufficient evidence of an acceptance.

But it appears that in the year 1902 the village, in the exercise of its municipal power, constructed a sewer through the so-called street which extended from West Turrell avenue northerly to the Orange city line and in front of the lands of the complainants, which was paid for by the village, and was laid in connection with similar sewers in other streets in pursuance of a general plan for the drainage of the village, and that a majority of the owners of property along the so-called Clark street have connected their properties with the sewer, and that sewage therefrom is now being discharged into it. The ordinance under which this work was done is in part as follows:

"An ordinance to construct pipe sewers in certain of the streets and highways of the village of South Orange, in the county of Essex, to be connected with the joint trunk or outlet sewer. Sec. 1. That there shall be constructed and laid public sewers in the village of South Orange in accordance with the maps, profiles, plans and specifications submitted by Alexander Potter, which plans have been heretofore adopted and were

filed in the office of the village clerk on the 30th day of July, 1902, such sewers to be of the dimensions and in the streets and highways between the points following."

Then follows a list of the streets to be sewered, including "Clark street, from West Turrell avenue to Montrose avenue, 8 and 10-inch."

This action appears to me to be a most complete and efficient acceptance of the dedication of the lands in question, and while it may possibly be argued that this holding may not affect the rights of the village of South Orange in other litigations, because it is not a party to this suit, it can be made the foundation of a decree which shall be decisive of the rights of the parties now before the court. It is useless to speculate in regard to the position that the village might have taken if the complainant had made it a party to this suit. It might, and I think probably would, have admitted that the act in question was an acceptance of the dedication.

The question as to what particular municipal action will be sufficient to evince an acceptance of a dedication has not often been decided in our state. I think, however, that so important a municipal act as the construction of a public sewer by proper municipal authority at the expense of the municipality in a dedicated street connected with the municipality's general system of sewers, must be held to be an acceptance of the dedication of the street through which it is constructed. In *People's Traction Co.* v. *Atlantic City, 71 N. J. Law (42 Vr.) 134,* it was claimed that Atlantic City had no right to grant permission to a street railway to lay its tracks and maintain its overhead construction in certain streets within its boundaries because the streets were not dedicated and accepted streets.

Mr. Justice Garretson, speaking for the supreme court, says: "We think the evidence shows that the streets were dedicated by the filing of maps and sales of lots upon them and were accepted by the city by resolution accepting them, and also by the passage of this very ordinance, in which provision is made for their improvement by paving." If the paving of a dedicated street as a condition of permission to a street railway company to use the street for its purposes is sufficient evidence of an ac-

ceptance, then certainly the paving of the street directly by the city would be still stronger evidence; and I fail to see any distinction in the character of the municipal use between the paving of a street and the construction of a sewer in it. If one would be an acceptance, the other would be likewise.

The particular subject-matter was decided by the New York court of appeals *In re Hunter, 163 N. Y. 542*. There Hunter in his lifetime dedicated Rawson street; the tender of the dedication was open for many years and was not accepted by the city. On May 16th, 1898, upwards of twenty years after the dedication had been tendered, the city passed an ordinance providing for the construction of a sewer through certain streets, and, among others, along the centre of Rawson street, the particular phrases in the ordinance relating to that street being "along the centre of Rawson street," "from centre line of Rawson street," "thence southerly along Rawson street," "the continuation of Rawson street," "for that portion in Rawson street and its northerly continuation."

In relation to this state of facts Judge Vann says: "We think the ordinance was an acceptance of the street, and that upon its approval by the mayor two days after its passage Rawson street became a public highway, even if it had not become so before. We do not pass upon the effect of the first map prepared and filed by Mr. Hunter, his numerous conveyances of land with reference to it, the action of the city authorities in naming the street and constructing a crosswalk in it, the public user, the change in 1875, and the acquiescence of all concerned therein; we place our decision upon the tender of dedication by Mr. Hunter in his lifetime, continued without interruption by the present owner for years after his death, and the acceptance of that tender when still in full force by the ordinance of May 16th, 1898. Without reference to the earlier history of the street, we think this tender and acceptance were sufficient of themselves, independent of any other fact, to make Rawson street a lawful and irrevocable highway." To the same effect is *Philadelphia* v. *Thomas, 152 Pa. St. 494*. There the court said: "The proper city authorities entered upon the land dedicated to the public use as aforesaid, constructed the sewer therein and

filed the liens. Those unequivocal acts were clearly an acceptance of the dedication and an unqualified recognition of Reed street as an open highway of the city. They were just as effectual and conclusive as if an ordinance to open had been passed and damages had been assessed and paid. While the city was not bound to accept the dedication and forthwith take charge of the street as a regularly opened highway, it had an undoubted right to do so whenever, in the judgment of councils, the public interests would be thereby promoted; the action that was taken necessarily implied an acceptance of the dedication. It was not susceptible of any other construction." See, also, *People* v. *Loehfelm, 102 N. Y. 1.*

·If there could be any doubt about the efficiency of the acceptance of the dedication by the construction of the sewer, I think the question is ·set ˉat rest by the agreement between the city and village of July 2d, 1906, by which the village gave to the city permission to lay its ˙water pipes through the village streets. This agreement recites a request made by the city for consent to the laying of a water-pipe line through certain streets in the village according to a plan therewith submitted; it grants the consent and provides in detail for the manner in which the work shall be done. Attached thereto is a map which shows the location and boundaries of Clark street, the line of the water pipes in front of the land of the complainants therein, and on that side of the street nearest to their premises the whole length of Clark street from West Turrell avenue northward to the Orange city line.

The agreement provided that the city shall pay to the village the sum of $1,500 for the privilege of using the streets and highways delineated on the map for the construction of its pipe line. We must assume that this agreement was made upon due consideration by the properly constituted ·municipal authorities in accordance with the statute (*P. L. 1906 p. 512*), and that the same is a binding agreement on both corporations. It contemplates a single consent to the laying of an uninterrupted line of water pipes through undoubted public places for a valuable money consideration.

In my opinion it is an express recognition of the public char-

acter of Clark street and irrefutable evidence of an acceptance of the dedication. *People's Traction Co.* v. *Atlantic City, supra*.

The village claims that under its charter (*P. L. 1872 p. 1203 §§ 43, 44*), this street cannot be foisted upon it except by an ordinance specially devised, drawn and adopted for the acceptance of the dedication. It is, indeed, true that these sections provided for acceptance of dedication in a particular manner, but I find nothing in them which excludes the common-law methods. If, however, the common-law methods are excluded, the *Atlantic City* and *Hunter Cases,* above cited, would be authority for holding that the ordinance for the construction of the sewer, and the municipal permission to lay the water pipe, would meet the requirements of the above-mentioned sections of the charter. See the motion to reargue the *Hunter Case* in *164 N. Y. 365*.

I will therefore advise a decree dismissing the bill.