# GARCIA v CITY OF MIAMI, CODE ENFORCEMENT BOARD

## Case No. 88-328 AP

Eleventh Judicial Circuit, Dade County

May 17, 1991

### APPEARANCES OF COUNSEL

**Robert D. Korner, Esquire,** for appellants.

**Kathryn S. Pecko, Esquire,** Assistant City Attorney, for appellees.

Before CARDONNE, ROTHENBERG, KORNBLUM, JJ.

### OPINION OF THE COURT

KORNBLUM, J.

Judge Cardonne having recused herself, this matter was heard and determined pursuant to stipulation by Kornblum and Rothenberg, JJ.

Appellants seek review of an order of the Code Enforcement Board of the City of Miami requiring them to remove an encroachment from a public right of way.

The pertinent facts are that the plat of Conifer Court Subdivision in 1921 provided that

\* \* \*

. . . "The streets and highways as shown on said plat are hereby dedicated". . .

\* \* \*

The disputed strip of land in dispute was designated as a "Roadway".

In 1925, the property was annexed by the City of Miami. The 1921 Charter of the City provided in part that:

\* \* \*

. . . "No street or alley hereafter dedicated to public use . . . shall be deemed a public street or alley . . . unless the dedication be accepted and confirmed by ordinance passed for such purpose."

\* \* \*

There was no such formal acceptance by the City.

In 1986, the Appellants purchased Lot 6, Block 4 of Citrus Park, the rear of which is adjacent to the "Roadway".

In 1987, the City served notice requiring the Appellants to clear the "Roadway".

Thereafter, Appellants acquired by Quit-Claim Deed, 7-½ feet of the 15 foot roadway adjoining their property.

In October, 1988, the Appellants recorded a revocation of the offer of dedication.

Appellants argue 1) that there was no dedication of the "roadway" because it was not designated a street or highway; 2) there was no formal acceptance of the dedication before the revocation; 3) the Code Enforcement Board was not properly constituted in that its members did not possess the requisite qualifications and 4) they were denied a fair hearing.

As to the first point raised, we find there was in fact a dedication of the "Roadway". *Indian Rocks Beach South Shore v Ewell*, 59 So.2d 647, 652 (Fla. 1952).

There was an implied acceptance by the City by paving and improving S.W. 27th Avenue, one of the streets designated in the plat. There also was evidence of the City surveying the disputed strip and the public using the alley before the Appellants encroachment. *Town of*

*Palm Beach v Palm Beach County,* 313 So.2d 770 (Fla. 4th DCA 1975).

The requirement of the Charter of formal acceptance does not preclude acceptance by implication. In *Town of Palm Beach* (supra) the Court found an implied acceptance where some of the streets were improved.

Though it was not argued in that case, we would note that the Palm Beach County Code, Appendix E, Art. XII, § II provided for formal acceptance by ordinance.

The only case that could be found directly on point is: *Arnold v City of Orange,* 73 N.J. Eq. 280, 66 A 1052.

In that case the Court found that the City's ordinance requiring acceptance in a particular manner did not exclude common law methods and even if they were to be excluded, the ordinances authorizing the improvements on and under the streets would suffice.

We have no jurisdiction to determine the composition of the Board. Any such challenge must be by Quo Warranto. *McSween v State Live Stock Sanitary Board of Florida,* 122 So. 239 (Fla. 1929.

Appellants remaining contentions are without merit. We cannot say that Appellants were denied due process.

AFFIRMED.

CARDONNE and ROTHENBERG, JJ., concur.