(September 28, 1891.)

CURTIS, ADJUTANT GENERAL, v. MOODY, STATE AUDITOR.

[27 Pac. 732.]

APPLICATION FOR WRIT OF MANDATE—MILITARY FUND—COMPENSATION OF ADJUTANT GENERAL—AUDITOR NOT TO DRAW WARRANT ON FUND NOT ESTABLISHED.—A writ of mandate will not issue to compel the state auditor to draw his warrant upon a fund that has not been established by law.

MILITARY FUND NOT PROVIDED.—An act of the legislature entitled "An act for the organization of the militia of the state of Idaho," First Session Laws of the State of Idaho, page 217, provides that the compensation of the adjutant general shall be paid out of the military fund, but fails to provide such a fund.

(Syllabus by Sullivan, C. J.)

S. B. Kingsbury, for Plaintiff.

Silas W. Moody, pro se.

No briefs filed in the case.

SULLIVAN, C. J.—This is an application made by the adjutant general of the state of Idaho for a writ of mandate to compel the auditor of the state to issue his warrant upon the state treasurer for the payment of the plaintiff's salary as adjutant general from April 10, 1891, to July 11, 1891. The defendant appears, and by answer waives the issuance of the alternative writ, and, further answering, admits each and every allegation of the petition; and alleges, as the ground of his refusal to issue the warrant demanded, that there is no fund or appropriation provided by law for the payment of said claim, or upon which the defendant may lawfully draw a state warrant in payment thereof. The plaintiff, in support of the application for said writ, contends that section 32 of the act approved March 14, 1891, entitled "An act for the organization of the militia of the state of Idaho" (see 1st Sess. Laws of Idaho, p. 217), appropriates the sum of $2,100 for the purpose of defraying the current expenses of the Idaho National Guard, and of arming and equipping the companies thereof for

the year 1891, and that the sum so appropriated constitutes what is designated as the "Military Fund" in sections 3, 33, 34, and 36 of said act. The defendant contends that section 3 of said act provides that the salary or compensation of the adjutant general shall be paid quarterly out of the "Military Fund," and that the appropriation above referred to does not constitute said fund. The only question for our consideration, then, is as to whether the $2,100 appropriated to pay the current expenses of the Idaho National Guard constitute the "Military Fund," within the meaning of that term as used in said act. That part of section 3 which refers to the payment of the salary or compensation of the adjutant general is as follows: "He shall be entitled to receive a compensation of $500 per annum, to be paid quarterly out of the military fund, in the same manner as other state officers are paid." Section 32 of said act provides as follows: "For the purpose of defraying the current expenses of the Idaho National Guard, and of arming and equipping the companies thereof as they are organized, there is hereby appropriated out of the general fund for the year 1891, the sum of $2,100, and for the year 1892, the sum of $2,200, or so much thereof as may be necessary." As will be observed, the above appropriation was made "for the purpose of defraying the current expenses of the Idaho National Guard, and of arming and equipping the companies thereof," and is an appropriation made from the general fund of the state, and is not designated as the military fund mentioned in said act. It is simply an appropriation out of the general fund for the purpose of paying the "current expenses" of the Idaho National Guard. The compensation of the adjutant general is not a part of the "current expenses" of the Idaho National Guard, within the meaning of the term "current expenses," as used in said act. The said act mentions a military fund, but fails to establish such a fund. For the reasons stated, I am of the opinion that the application for the writ should be denied, and it is so ordered.

Morgan and Huston, JJ., concur.