Conaway, J.
This is an original action in this court Dy petition for a writ of mandamus, commanding respondent to draw and issue his official warrant as state auditor of Wyoming for a sum certain in favor of petitioner, in payment of a claim against the state for stationery. The bill, a copy of which is attached to the petition as an exhibit, is made out and verified in the usual form, and is approved by the adjutant general and acting quartermaster general; and the items of the bill are stated by him to be necessary incidental expenses of the Wyoming National Guard organizations. It appears from the face of the bill, further, that the articles are for the adjutant general’s office, general staff, regimental head-quarters, and regimental staff. Across the face of the bill also appears the following words, subscribed to officially by defendant and respondent as state auditor; “Office State Auditor, August 13th, 1891. The within claim is properly a contingent expense of the adjutant general’s office. No warrant can be legally issued thereon for the reason that no appropriation was made by the legislature for the contingent expenses of the adjutant general’s office. The claim is therefore disallowed.” The petition further alleges that it was the lawful duty of the adjutant general and acting quartermaster general to provide such articles at the expense of the estate for the several organizations and departments of the Wyoming National Guard, arid that on their requisitions the same were delivered to them, andaré now in their custody and use. It is further alleged that the prices charged are reasonable, and that there was an existing appropriation to pay for armory and necessary incidental expenses of duly-organized militia, organizations within said state from January 1, 1891, to March 31, 1893, having money to its credit in the state treasury, more than sufficient to pay this claim. The existence of a general staff organization, a regimental organization, and a regimental staff organization is also alleged, and that petitioner is without remedy, unless by the interposition oftbiscourt. To this petition thereis a demurrer on twogrounds: First, that the court is without the jurisdiction to grant the relief therein prayed for; second, that the petition does not state facts sufficient to constitute a cause of action.
It is argued that neither of the three great departments of the state government should interfere with the affairs of either of the others in the discharge of their functions. Article 2 of the constitution reads as follows: “Section 1. The powers of the government of this state are divided into three distinct departments, —the legislative, executive, and judicial; and no person or, collection of persons, (Charged with the exercise of powers properly belonging to one of these departments, shall exercise any powers properly belonging to either of the others, except as in this constitution expressly directed and permitted.” It is claimed that the state auditor is ah officer of the executive department, and should not be subject to control by the judicial department, and that such control is inconsistent with the independence of the executive department. The great weight of authority seems to be in favor of the proposition that the governor of the state, as the head of the executive department, should be exempt from any interference or control by the judicial department, at least to the extent of his executive and political duties, as distinguished from those that are merely ministerial. Indeed, it is vei'y questionable whether ministerial duties should be made an exception. But few, if any, of the cases extend this exemption from judicial control to any other state officers except the governor; and such exemption seems inconsistent with existing and statutory and constitutional provisions now in *591 force in Wyoming. The constitution (article 5, § 3) provides that “the supreme court shall have original jurisdiction in * * * mandamus as to all state officers.” Some statutory provisions, especially applicable to this cause,are the following': “Rev. St. § 3073. Mandamus is a writ in the name of the territory (state) to an inferior tribunal, a corporation, board, or person, commanding the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station. Sec. 3074. The writ can only be issued by the supreme court or the district court, and, though it may require an inferior tribunal to exercise its judgment, or to proceed to the discharge of any of its functions, it cannot control judicial discretion.” “Sec. 3076. The writ must not be issued in a case where there is a plain and adequate rern-•edy in the ordinary course of the law. It may issue on the information of the party beneficially interested.” It would seem ■clear, both in reason and by authority, that under these constitutional and statutory provisions, the state auditor is subject to the writ of mandamus in proper cases.
By section 21 of an act authorizing the ■organization of a territorial militia, approved March 14,1890, it is provided that the adjutant general shall, at the expense ■of the territory, provide the several departments, on their requisition, the necessary rosters, books of record, blank commissions, enlistments, discharges, rolls, and other papers required by law and regulations.” It is alleged that the articles ■constituting the bill in question are neces-ary books and articles for the use of, and form part of, the necessary incidental expenses of duly-organized militia organizations within this state, and tbat, upon the requisitions of the several organizations and departments, they have been delivered to them. No question has been made as to the propriety or legality of the action •of the adjutant general in furnishing these articles, or as to their being a legal and proper charge against the state. The claim of respondent is that there has been no appropriation made to pay for them. This, as shown by his writing across the face of the bill, is his official decision; and it is claimed chat this decision was made by him in the exercise of a judicial discretion, and is not reviewable by this court. It is the duty of the auditor to audit and settle all claims against the state, payable out of the treasury except only such claims as may be expressly required by law to be audited and settled by other officers and pei'sons. Rev. St. § 1695. In doing this, whenever he may think it necessary to the proper settlement of any account, he may examine the parties, witnesses, or others, on oath or affirmation, touching any matters material to be known in the settlement of such accounts, and for that purpose may issue subpoenas and compel witnesses to attend before him and give evidence in the same manner and by the same means allowed by law to courts of record. Rev. St. § 1706. From this it is urged that the auditor discharges this class of duties sitting as a court, and in the exercise of judicial functions and judicial discretion. This view is erroneous. The auditor, under the constitution, is an officer of the executive department, forbidden by section I of article 2 of the constitution to exercise any powers properly belonging to the judicial department. The auditing of claims against the state is not a judicial, but it is an executive, function. It is a short and business-like way of accomplishing the settlement of the bulk of such claims, without the formality and delay of litigation, and generally where there is no occasion for litigation. It is evident that the discharge of his duties may sometimes require the exercise of discretion, and it may be of that character called by some authorities “quasi judicial discretion.” This would seem to be as far as any of the authorities will go in favor of the auditor. But even a judicial tribunal may be controlled to some extent by mandamus. It may be compelled to proceed to the performance of a duty, though it involve the exercise of discretion; and the weight of authority seems to be that an abuse of discretion may he corrected hy mandamus.
Section 1709, Rev. St., provides that no warrant shall be drawn by the auditor or paid by the treasurer unless the money has been previously appropriated by law, nor shall the whole amount drawn for or paid under one head ever exceed the amount appropriated by law for that purpose. For knowingly issuing a warrant on the treasury not authorized by law, the auditor is subject to fine and imprisonment. Rev. St. § 1716. The appropriation out of which it is claimed this bill should be paid is found on page 228 of the Sessiou Laws of the first legislature of the state of Wyoming, as follows: “Sec. 12. The sum of three thousand six hundred dollars, or so much thereof as may be necessary, is here *593 by appropriated out of any funds in the state treasury, not otherwise appropriated, to pay for armory rent and necessary incidental expenses of duly-organized militia organizations within the state, from January first, eighteen hundred and ninety-one until March thirty-first, eighteen ninety-three: provided, that no company, troop, or battery shall receive more than four hundred dollars per annum, and then only upon the express condition that such company, troop, or battery shall be fully organized and equipped at least six months before any draft shall be made on the treasury by the officer duly authorized to make such draft: and provided, further, that no company, troop, or battery shall be entitled to any part of this appropriation which does not by its official records show an average attendance at regular drills of fifty per cent, of the active members of such organization for the six months immediately preceding any draft made upon the treasury by virtue of this appropriation.” It is urged that the re spondent, even if he were acting in the exercise of official or quasi judicial discretion in considering the claim in question, abused such discretion in holding that such claim is a contingent expense of the adjutant general’s office, and in effect that it is not payable out of the above appropriation. The appropriation is made to pay for armory rent and necessary incidental expenses of duly-organized militia organizations. This statute must be considered in connection with other statutes in pari ma-teria,. Such a statute is the act of the eleventh legislative assembly of the terri. tory of Wyoming, organizing a territorial militia. Section 30 of that act has not been repealed, and reads as follows: “Sec. 30. The legislature shall provide by suitable legislation for armory rent and incidental expenses for the various militia organizations of the territory. All accounts for above armory rent and incidental expenses shall be signed by the commander of such company, troop, or battery, and approved by the adjutant general. ” Sess. Laws 1890, c. 85, § 30. The language of the section making the appropriation is such as to raise a doubt whether the militia organizations mentioned were intended to include organizations other than companies, troops, and batteries. This section last quoted indicates pretty clearly that in neither act were the words “militia organizations” intended to have any other or more enlarged application. It would seem that all that was in the contemplation of the legislature in making the appropriation was the armory rent and necessary incidental expenses of companies, troops, and batteries. At any rate, the requirement is positive that all accounts for such armory rent and incidental expenses shall be signed by the commander of such company, troop, or battery, as well as approved by the adjutant general. This has not been done as to the account in question in the present case. Consequently, whether it is an act of discretion or not, the auditor cannot be required by mandamus to' issue his warrant for the amount of the claim. Whether the auditor was right in sayingthat the claim is properly a contingent expense of the adjutant general’s office, we cannot properly, in this connection, inquire. The legislature might have made claims of the character of the one under consideration, payable out of the appropriation referred to above; but it is quite clear it has not done so. There is no propriety in requiring the signature of the commander of a company, troop, or battery to an account for contingent expenses, unless the expenses are those of acompany, troop,or battery; and the amount which may be drawn for these expenses is carefully limited. It would not bein accordance with this careful policy of the legislature to make this fund liable, by construction, to the payment of any class of claims not within the contemplation of the legislature in passing-the appropriation, and for which, consequently, no limitation was provided. Curtis v. Moody, (Idaho,) 27 Pac. Rep. 732. The demurrer is sustained, and the peremptory writ of mandamus denied.
Gkoesbeck, C. J., and Mekkelu, J., concur.