STATE EX REL WYCKOFF v. ROSS, GOVERNOR.
(No. 1267, August 26th, 1924, 228 Pac. 636.)

STATUTES—TITLE—CONSTITUTIONAL LAW—STATUTORY CONSTRUCTION
—STATUTE INVALID IN PART—OFFICERS—REMOVAL—LEGISLATIVE
POWER TO CLASSIFY SUBJECTS—PROHIBITION ACT—DUE PROCESS
OF LAW—GOVERNOR—QUASI JUDICIAL POWER—RIGHT TO TRIAL BY
JURY.

1.  Section 36 of Laws 1921, c. 117, which is entitled "An act
    in regard to intoxicating liquor, prohibiting unlawful
    possession," etc., providing for removal of officers for
    drunkenness, held to apply to officers having duties to per-
    form under the act, who by drunkenness render them-

selves unfit to perform those duties, and therefore not to be contrary to Const. art. 3, § 24, as containing subject not expressed in the title of the act.

2.  Every statute should be read in the light of the Constitution, and, so read, broad and general language therein may often be limited to those matters within constitutional powers of Legislature.

3.  Const. art. 3, § 24, requiring bills to contain only one subject which must be expressed in its title must be liberally and reasonably construed.

4.  A statute unconstitutional as to certain persons or things, but constitutional as to others, may be sustained as to the persons or things with respect to which it is constitutional, if it be believed that the Legislature would have enacted the statute with the unconstitutional parts eliminated.

5.  Assuming that Laws 1921, c. 117, § 36, authorizing removal for drunkenness of "any officer in the state" having duties to perform under the act, is invalid as to district judges, statute can nevertheless be sustained as to the prosecuting attorneys, though invalid part cannot be separated from the rest of the statute by striking out any particular word, phrase, or section, especially in view of section 38, providing that invalidity of any provision of an act shall not affect validity of other provisions.

6.  Laws 1921, c. 117, § 36, authorizing removal of officers for refusal to perform duties imposed upon them thereby, or for drunkenness disabling them from performing such duties, *held* not to violate Const. art. 3, § 19, by enlarging the grounds for removal, specified therein as misconduct or malfeasance in office; ground for removal specified in statute constituting misconduct in office.

7.  Laws 1921, c. 117, § 36, authorizing removal of officers having duties to perform, under an act for refusal to perform them, does not violate Const. art. 3, § 27, prohibiting local or special laws, the act being general, whether officers affected be considered as a natural subject for legislation or a class created by the act.

8.  Const. art. 3, § 27, prohibiting local or special laws, does not prevent a reasonable classification of the objects of legislation; the question in each case being whether the classification is reasonable, in view of the object sought to be accomplished.

9.  Laws 1921, c. 117, § 36, providing for removal by the Governor, after notice and hearing of any officer for neglect

or refusal to perform duties imposed by liquor statute or for drunkenness disabling from such performance, does not authorize arbitrary removal contrary to Const. art. 1, § 7.

10. Public office is neither a contract nor a grant nor property of the incumbent.

11. Prohibitory liquor statute, authorizing the governor to remove officers refusing to perform duties imposed by it, *held* not to violate Const. art. 1, § 8, providing that all courts shall be open, etc.

12. "Due process" of law, as required by Const. art. 1, § 6, does not always mean judicial process.

13. Laws 1921, c. 117, § 36, authorizing the Governor on notice and hearing to remove officers refusing to perform duties imposed by the act, or disabling themselves from such performance by drunkenness, *held* not to violate the due process clause of Const. art. 1, § 6.

14. Laws 1921, c. 117, § 36, authorizing removal by the Governor of any officer for neglect or refusal to perform the duties imposed thereby, or for drunkenness disabling from performance, does not confer judicial power contrary to Const. art. 2, § 1; the power conferred being "quasi judicial," which means power to perform acts administrative in character, but requiring incidentally trial and determination of questions of law and fact.

15. Laws 1921, c. 117, § 36, authorizing the Governor to remove officers refusing to perform duties imposed on them under the act, or disabling them by drunkenness from such performance, *held* not to violate Const. art. 1, § 9, providing for right to a jury trial.

On reserved questions from the District Court, Laramie County; WILLIAM A. RINER, Judge.

Petition by the State on the relation of Fred Wyckoff, for a writ of prohibition to be directed to William B. Ross, as Governor of the State of Wyoming.

*E. E. Enterline, Lin I. Noble, W. L. Simpson, C. W. Axtell, W. L. Walls, E. E. Lonabaugh, F. M. Perkins* and *C. A. Zaring* for relator.

District courts have power to issue writs of prohibition, Const. Art. V, Section 10; relator has no other available remedy, 32 C. J. 258, Howe v. Dunlap, (Okla.) 72 Pac. 365;

Littleton v. Burgess, 14 Wyo. 173, Marbury v. Madison, 1
Cranch 163; an office is not property, State v. Grant, 14
Wyo. 57; the writ is not restricted to 'courts eo nomine,
22 R. C. L. 14-17; Speed v. Council, 98 Mich. 360; State v.
Court (Mont.) 224 Pac. 866; it may be directed to the
Governor, Atty. Gen. v. Barstow, 4 Wis. 742; Ekern v.
McGovern, 154 Wis. 157, 46 L. R. A. (NS) 796; State v.
Verago, 187 N. W. 830, 23 A. L. R. 491; People v. Shawver,
(Wyo.) 222 Pac. 11; Section 36, Chap. 117, Laws 1921
covers separate subjects and provides for the removal of
all officers, and violates Art. III and Sections 19 and 24 of
the Constitution, it is therefore void; 22 R. C. L. Sec. 272,
p. 566; In re Breene, 14 Colo. 401, 24 Pac. 3; State v. Bar-
rett, 27 Kans. 213; State ex rel Abelman v. Douglas,
(Nev. 208 Pac. 422; State v. Tobin, (Wyo.) 226 Pac. 681;
Lamar Canal Co. v. Co., 26 Colo. 370; 58 Pac. 601; Burcher
v. People, 41 Colo. 495; People v. Freidrich (Colo.) 185
Pac. 657; Commonwealth v. Williams, 79 Ky. 42, 42 Am.
Rep. 204; Lowe v. Commonwealth, 3 Metc. (Ky.) 240;
Board v. Dist. Atty., 42 Colo. 449; Craig v. State, 31 Tex.
Cr. 29-30; officers removal by impeachment are not ex-
cepted, State v. Grant, 14 Wyo. 41; State v. Court, 62
Mont. 603; Gay v. Court, 41 Nev. 330, 3 A. L. R. 224; it
must be tested by what it authorizes to be done, State v.
Peterson, 27 Wyo. 185; State v. Stewart, (Mont.) 161 Pac.
309; State ex rel Holliday, 115 Pac. 204; under the Sec-
tion the Governor is empowered to remove any officer fail-
ing to perform duties imposed by the Act, or any officer
guilty of intoxication or drunkenness; no exception is
made as to officers removable by impeachment only; the
Legislature is powerless to add to the causes for removal,
specified by Art. III, Section 19 of the Constitution, Peo-
ple v. Shawver, (Wyo.) 222 Pac. 11, 22 R. C. L. 268; the
statement of one cause of removal is an implied prohibi-
tion to include others, Mechem 1st Ed. p. 457; the univer-
sal rule is that the Legislature cannot add to the constitu-
tional grounds for removal of officers, Low v. Com., 3

Metc. (Ky.) 237; Brown v. Grover, 6 Bush 1; State v.
Walta, 11 La. Ann. 489; Goodin v. Thomas, 10 Kans. 191;
State v. Draper, 50 Mo. 353; State v. McNeeley, 24 La.
Ann. 19; People v. Draper, 15 N. Y. 532; State v. Baker,
38 Wis. 71; Com. v. Sutherland, 3 Serg. & R. 145; Removal
of Public Officers, 25 A. L. R. 201; State v. Court, 92 Wash.
375; Briggs v. McBride, 17 Ore. 640, 21 Pac. 878; State v.
Duluth, 53 Minn. 238; Kindrick v. Nelson, (Ida) 89 Pac.
750; Cooley's Const. Lim. 6th Ed. 78 and note; People
v. Holland, 155 N. Y. 270, 49 N. E. 775; the act could not
apply to state and judicial officers, Art. III, Section 18,
State v. Grant, 14 Wyo. 54; People v. Shawver, supra; in-
validity of part of an act invalidates the whole, if the
various parts are dependent upon each other, Com. Co. v.
Boldinger, 147 Fed. 419; Shwartz v. Town of Gallup
(N. M.) 165 Pac. 345; Light Co. v. Nix, (Okla.) 156 Pac.
293; Dunn v. City, 13 Mont. 158; State v. Stewart, (Mont.)
161 Pac. 309; State ex rel Abelman v. Douglas, (Nev.) 208
Pac. 422; Ry. Co. Westley, 178 Fed. 619; Co. v. Pigg, 217
U. S. 91; Ballard v. Cotton Oil Co., 34 So. 533; People v.
Capelli, (Cal. App.) 203 Pac. 837; Welch v. Nelson et al,
23 Wyo. 409; Epperson v. Howell, 28 Idaho 338, 154 Pac.
621; State ex rel Pincock, Sheriff v. Franklin, (Utah) 226
Pac. 674; the section violates Art. 1, Section 34 of the Con-
stitution, requiring laws to have uniform operation; in
limiting the classification to officers having duties imposed
by the Act, State v. Sherman, 18 Wyo. 169; State v. Le-
Barron, 24 Wyo. 519; the Act delegates judicial power to
an executive officer in violation of Art. II, Section 1,
Const.; Arbuckel v. Pflaeging, 20 Wyo. 372; Richter v.
State, 16 Wyo. 437; State v. Brooks, 14 Wyo. 393; Farm
Invest. Co. v. Carpenter, 9 Wyo. 110; State v. Burdick, 3
Wyo. 588.   The performance of a judicial act is the exer-
cise of a judicial function, U. P. R. R. Co. v. U. S., 99 U.
S. 700; School Dist. v. Lambert, 28 Ore. 209; Meacham
Pub. Ofrs. 664; Flourney v. City, 17 Ind. 169; ministerial
and judicial acts are distinguishable, Longfellow v. Quim-

by, 48 Amer. Dec. 525; Hughes v. Streeter, 76 Amer. Dec. 777; if its qualities make the act judicial it continues to be judicial, no matter what official undertakes to perform it, Roby v. Comr.'s., 92 Md. 150; official action the result of judgment or discretion, is a judicial act, Grider v. Tally, 77 Ala. 422; Marlette, v. State, 100 Ala. 42; People v. Jerome, 73 N. Y. S. 306; Ex Parte Kellogg, 6 Vt. 509; Dullam v. Willson, 53 Mich. 392; In re Saline Co. 45 Mo. 52; Central Pac. Ry. Co. v. Gallatin, 99 U. S. 761; the rule is clearly stated in Zanesville v. Co., 64 O. S. 67 and Yancey v. Hyde, 121 Ind. 20; Hovey v. Noble, 116 Ind. 350; the Section covers arbitrary power in violation of Art. I, Section 7, Const., and Art. I, Section 8 requiring administration of judicial questions in the court, Eckhern v. McGovern, supra; the Section is in violation of Art. I, Section 6 in that relator is sought to be deprived of his rights without due process of law; relator has a fixed right to the office of County Attorney during his term and until his successor is elected or appointed, Art. VI, Section 4, Const., Ry. Co. v. Gallatin, supra.

*David J. Howell,* Atty. Gen. and *Ray E. Lee,* as Special Assistant Atty. Gen. for respondent.

Most of the questions submitted involve the validity of Section 36, Chap. 117, Laws 1921, authorizing the Governor to remove officers refusing to perform duties imposed by the Section, or who are guilty of intoxication or drunkenness; intoxication and drunkenness constitute misconduct or malfeasance in office, and are grounds for removal, McComas v. Krug, (Ind.) 42 Amer. Rep. 135; State v. Welsh, 109 Ia. 19; State v. Henderson, (Ia.) 124 N. W. 767; Moulton v. Selby, (Me.) 89 Atl. 944; legal causes for removal are set forth in People v. Shawver, (Wyo.) 222 Pac. 11; as to the exercise of judicial or arbitrary powers by the Governor and the sufficiency of the title of the act, we cite Lee v. Comr's., 3 Wyo. 53; Reals v. Smith, 8 Wyo. 170; State v. Grant, supra; State v. Peterson,

(Minn.) 52 N. W. 655; Gay v. Court, (Nev.) 171 Pac. 156, 3 A. L. R. 224; Moore v. Strickling, (W. Va.) 50 L. R. A. 279; State v. Court, (Mont.) 165 Pac. 294, and with a special reference to the sufficiency of the title, Lewis Suth. Stat. Const. Vol. 1, Section 3; In re Fourth Jud. Dist., 4 Wyo. 133; In re Boulter, 5 Wyo. 329; Comr's. v. Stone, 7 Wyo. 280; Inv. Co. v. Carpenter, 9 Wyo. 110; Koppala v. State, 15 Wyo. 398; State v. Hall, 27 Wyo. 224; and State v. Snyder, 29 Wyo. 163; the general purpose of the act as stated in the first Section is the exercise of police power for the protection of public health, peace, safety and morals; one of the steps considered necessary to secure its enforcement was a provision to secure the proper performance of duty by peace officers, and give the Governor autority to remove officers failing or refusing to perform duties imposed upon them by the Act or who shall be guilty of intoxication or drunkenness; an officer guilty of intoxication or drunkenness is not in position to enforce the Act, the object of which is to prevent intoxication and drunkenness; other authorities showing the sufficiency of the title to this Act are City v. Lamprecht Co., 88 Fed. 449; Suth. Sec. 136; Gustavel v. State, 54 N. E. 123; attention may be directed to a multitude of statutes relating to different subjects and providing for the removal of officers for neglect to perform their duties, and providing other penalties not mentioned in the title, none of which have been questioned; provisions for the removal of officers for failure to perform duties described by the Act are generally considered germaine to the Act as a whole and necessary for its enforcement; In re Atwell's Estate, 93 Minn. 462; this court has construed many of the Acts referred to and recognizes the principle of construction contended for; relator is not entitled to a jury trial, Gay v. Court, 41 Nev. 330; Ekern v. McGovern, supra does not sustain the contention that removal proceedings must be tried in the courts, the Act is not special, McGarvey v. City Treas., 17 Wyo. 120; State v. Sherman, 18 Wyo. 169.

Relator's reply.

At common law, power to remove an officer is concurrent with the power to appoint; Section 318 C. S. is declaratory of the common law; authorities cited by respondent, 29 Cyc. at Page 1370; Rankin v. Jauman, 4 Ida. 53; Atty. Gen. v. Jockim, 99 Mich. 358; Cameron v. Parker, 2 Okla. 277 are not applicable to the facts here; In Dullam v. Wilson, 53 Mich. 392 a statute was held unconstitutional in attempting to delegate judicial power to the Governor; Minnesota has no provision in its Constitution providing for powers of the Governor; cases cited in that State are not authority on the point; we cite the additional case of Bell v. Judicial District, 28 Nev. 280 as to the sufficiency of the title of the Act here in question.

KIMBALL, Justice.

Chapter 117 of the Session Laws of Wyoming for 1921, entitled "An Act in regard to Intoxicating Liquor, prohibiting the unlawful possession, manufacture and sale thereof within the State of Wyoming, repealing Chapter 209 of Wyoming Compiled Statutes, 1920, and carrying into effect so far as the State of Wyoming is concerned the eighteenth amendment to the Constitution of the United States," provides, by section 36, that:

"It shall be the duty of every prosecuting attorney in this State to prosecute by complaint, information or indictment in courts of competent jurisdiction all violations of this Act in the manner now provided by law for the prosecution of criminal offenses under the general statutes of this State and in the manner as herein defined. The Governor shall have power after notice and hearing to remove from office any officer in the State who shall wilfully fail, neglect or refuse to perform any of the duties imposed upon him by this Act or who shall be guilty of intoxication or drunkenness. Proceedings for the removal of any such officer may be commenced either by the

Governor on his own motion or on written complaint of any citizen of the State, filed with the Governor. Written notice of the time and place for the hearing of such charges together with a statement or copy of the charges filed against him shall be personally served upon such officer at least ten days before the day set for such hearing.''

Under this section proceedings were instituted before the Governor for the removal of the relator, the county and prosecuting attorney of Hot Springs County. The amended and supplemental complaint filed with the Governor charges that the relator has been guilty of intoxication and drunkenness on some fourteen stated dates between March 26, 1923 and June 7, 1924. It is also charged that he has at times wilfully failed and refused to perform the duties imposed upon him by the said act, and has at frequent intervals by intoxication incapacitated himself from carrying on the work of county and prosecuting attorney.

Pursuant to the statute, the relator was given written notice of the time and place of the hearing of the charges of which he was furnished a copy. A few days before the day set for the hearing, the relator presented to the Judge of the District Court of Laramie County a petition for a writ of prohibition to prevent the Governor from proceeding further in the matter. The petition for prohibition challenged the constitutionality of section 36 of Chapter 117, supra, on several grounds, and alleged that objections to the jurisdiction of the Governor, based on such grounds, had been been overruled by the Governor. Upon the presentation of the petition to the district judge, he found that there were involved important and difficult constitutional quesions which were reserved and submitted for our decision.

One of the questions is whether section 36 is in violation of Section 24 of Article III of the State Constitution, which provides:

"No bill, except general appropraition bills and bills for the codification and general revision of the laws, shall be passed containing more than one subject, which shall be clearly expressed in its title; but if any subject is embraced in any act which is not expressed in the title, such act shall be void only as to so much thereof as shall not be so expressed."

It is contended that the act contains at least two subjects, one, the prevention of the unlawful possession, manufacture and sale of intoxicating liquor, the other, the removal of officers as provided in section 36, and that the latter subject is not expressed in the title. In support of this contention it is argued that section 36 provides for the removal of any state officer who is guilty of intoxication or drunkeness. It may be conceded that the removal of officers who have no duties to perform under the act would be foreign to the subject expressed in the title, and that if the act must be given that meaning, it is void at least to that extent. The sentence of section 36 stating that: "The Governor shall have power  *  *  *  to remove from office any officer in the state who shall wilfully fail, neglect or refuse to perform any of the duties imposed upon him by this act or who shall be guilty of intoxication or drunkenness," is grammatically susceptible of the construction contended for. It does not follow, however, that that is the necessary, or the proper, construction. Every statute should be read in the light of the constitution, and broad and general language may often be limited to those matters within the constitutional powers of the legislature. McCullough ·v. Virginia, 172 U. S. 102, 112; 19 Sup. Ct. 134, 43 L. ed. 382; State v. Smiley, 65 Kan. 240; 69 Pac. 199, 67 L. R. A. 903; Ex

Parte Gale, 14 Ida. 766, 95 Pac. 679. The phrase, "any officer in the state," is broad and general enough to include even those officers who, under the constitution, are removable from office by impeachment only; but, under the principle just stated, reading the statute in the light of the constitution, we do not hesitate to say that the legislature did not intend to make any provision for the removal of impeachable officers. It would not, then, include "all officers in the state." And when the context and the purpose of the act are considered, there would seem good reason for further restricting the meaning of the phrase in question. The attention of the legislature was directed to the subject of suppressing the unlawful manufacture, sale, etc. of intoxicating liquors. The effectiveness of the law would have to depend largely on the faithfulness and diligence of the officers charged with its enforcement, and it was deemed proper to provide for removal by the Governor of those officers who refused or neglected to perform the duties imposed upon them by the act. This provision, of course, would apply to only those officers who have duties to perform under the act, and we believe that the further provision in the same sentence for the removal of officers guilty of intoxication or drunkenness must be restricted in its meaning to the same class of officers, and as permitting their removal if by intoxication and drunkenness they render themselves unfit or unable to perform those duties. This we believe to be the real meaning of the language in question when considered with a proper regard for the subject-matter and the object sought to be accomplished. As thus interpreted, we believe the inclusion in the act of the provision for removal of such officers is not contrary to the constitutional requirement that every act shall contain but one subject which shall be clearly expressed in the title. This court has long recognized the principle that this section of the constitution, though mandatory, must be liberally and reasonably construed. In the case In re

Fourth Judicial District, 4 Wyo. 133, 142, 32 Pac. 850, the court quotes the language of Judge Cooley to the effect that the generality of the title is no objection to it, so long as it is not made a cover to legislation incongruous in itself, and which by no fair intendment can be considered as having a necessary and fair connection. Cooley on Const. Lim. (7th Ed.) p. 206. In the same paragraph of that text (p. 205) it is said that,—''To require every end and means necessary or convenient for the accomplishment of a general object to be provided for by a separate act relating to that alone, would not only be unreasonable, but would actually render legislation impossible.'' And in the case In re Boulter, 5 Wyo. 329, 339, 40 Pac. 520, it is said that an act is not invalidated for that reason so long as the subjects of legislation are congruous, cognate or germane and in furtherance of the general subject of the enactment, even though the act may authorize many things of a diverse nature to be done. There may be subordinate subjects if they be ''legitimate offspring of the main subject.'' See, also; Farm Inv. Co. v. Carpenter, 9 Wyo. 110, 132; 61 Pac. 258, 50 L. R. A. 747, 87 Am. St. Rep. 918; Koppala v. State, 15 Wyo. 398, 411, 89 Pac. 576, 93 Pac. 662. The general object of the act in question is to carry into effect in Wyoming the prohibitions of the eighteenth amendment to the Federal constitution. The main object is clearly expressed in the title of the act. As a means to accomplish the general object, the legislature deemed it necessary and proper to provide, a certain method for the removal of those officers whose inaction or misconduct might frustrate the legislative purpose, and we are unwilling to say that to do this the legislature was required by the constitution to resort to a separate act. A similar case arose in Illinois where a provision authorizing the Governor to remove a sheriff from whose custody any prisoner should be taken and lynched by a mob was held to be unobjectionable in an act ''to suppress mob violence.'' People v. Nellis, 249 Ill. 12; 94 N. E. 165.

It is contended that the power to remove any officer in the state, even if restricted to those officers having duties imposed on them by the act, authorizes the removal of district judges and justices of the peace who, under the act, may be called upon to perform certain duties. Whether section 36 can constitutionally be applied to these judicial officers is no concern of the relator unless its unconstitutionality on that ground would render it invalid as applied to county and prosecuting attorneys. We have already stated argumentatively that the act could not be applied to district judges who are among those officers removable from office by impeachment only. However, a decision of that point is not necessary in this case, for if the section cannot constitutionally be applied to district judges or to justices of the peace, we would not for that reason hold it invalid as applied to county and prosecuting attorneys. A statute clearly unconstitutional as to certain persons or things, but constitutional as to others, may be sustained as to the persons or things to which it may be applied without conflict with the constitution, if it be believed that the legislature would have enacted the statute with the unconstitutional parts eliminated. State v. Sheldon, 29 Wyo. 233; 213 Pac. 92; State v. Snyder (Wyo.) 219 Pac. 735. Counsel for relator concede the general principle that parts of a statute may be held unconstitutional and the remainder valid, where the objectionable part may be separated from the rest, but contend that the separability of the statute depends on the possibility of striking out certain words, phrases or sections so as to leave the valid part intact, and many authorities are cited in support of this contention, the cases particularly relied on being Ballard v. Mississippi Cotton Oil Co., 81 Miss. 507, 34 So. 533, 62 L. R. A. 407, 95 Am. St. Rep. 476 and Chicago, M. & St. P. R. Co. v. Westly, 178 Fed. 619, 102 C. C. A. 65, 47 L. R. A. (N. S.) 97. Without attempting to analyze these and other cases cited, we may say that to the extent that they appear to support the re-

lator's contention, they do not conform to our conception of the duty of the court to carry out the legislative will so far as that may be done without transgressing the constitution. Cooley, supra, p. 250. The effect of relator's contention is that, if the legislature had mentioned all officers·in the state by inserting a list of them, we might then strike from the list the officers to which the act could not apply, but, where all officers are mentioned by a general term, we cannot hold it applicable to some and not to others. This, we think, puts too much stress on a matter of form, and it should not be a question as to form, but as to power. Commonwealth v. Kimball, 24 Pick. (Mass.) 362, 35 Am. Dec. 326. In State v. Sheldon, *supra,* we held that the act providing for the city manager form of government which, by its terms, applied to all cities and towns of more than 1000 population, was invalid as to some and valid as to the others to which it could constitutionally apply. That result was not reached by striking from the act any particular words or phrases. The precise question now under consideration was not raised in that case nor discussed in the opinion, but some of the cases cited on page 246 of 29 Wyo. particularly Robert Dollar Co. v. Canadian C. & F. Co., 220 N. Y. 270, 115 N. E. 711, and State v. Martin, 87 Kan. 817, 126 Pac. 1080, sustain our·view that general terms may be limited without erasing any certain words or phrases from the act. The subject is thoroughly discussed in the New York case just cited, and also in State v. Smiley, 65 Kans. 240, 69 Pac. 199, 67 L. R. A. 903; and Scown v. Czarnecki, 264 Ill. 305, 106 N. E. 276, L. R. A. 1915 B. 247, Ann. Cas. 1915 A. 772. See, also, McCabe v. Atchison, T. & S. F. R. Co., 186 Fed. 966, 109 C. C. A. 110; affirmed, 235 U. S. 151; 35 Sup. Ct. 69, 59 L. Ed. 169; Singer Sewing Machine Co. v. Brickell Atty. Gen., 233 U. S. 304; 34 Sup. Ct. 493, 58 L. Ed. 974; Supervisors v. Stanley, 105 U. S. 305, 26 L. Ed. 1044.

It is further to be noted that the act in question, by section 38, provides that: ''If any provision of this act shall be held to be invalid, it is hereby provided that all other portions of this act which are not expressly held to be invalid shall continue in full force and effect.'' Of a similar provision in an act of the legislature of Washington it was said: ''This means that the legislature intended the act to be enforced as far as it may be, even though it might not be valid in its entirety.'' State v. Clausen, 65 Wash. 156, 197, 117 Pac. 1101, 1114 (37 L. R. A. (N. S.) 466). In Minnesota it was said of a statute containing such a provision that, if part of the law is unconstitutional, the remaining portion must nevertheless be sustained and given effect if enough is left to constitute an enforceable law. Saari v. Gleason, 126 Minn. 378, 385, 148 N. W. 293. And in Hill v. Wallace, 259 U. S. 44, 71, 42 Sup. Ct. 453, 459, (66 L. Ed. 822), it was said that ''such a provision furnishes assurance to courts that they may properly sustain separate provisions of a partly invalid act without hesitation or doubt as to whether they would have been adopted if the legislature had been advised of the invalidity of part.''

We are also asked whether section 36, supra, is in violation of section 19 of Article III of the state constitution which provides that:

''All officers not liable to impeachment shall be subject to removal for misconduct or malfeasance in office, in such manner as may be provided by law.''

As to an office created by the constitution with a fixed term, we have held that the legislature is without power to add to the causes for removal specified in the constitution, that is, that such officers can be removed only for misconduct or malfeasance in office. People v. Shawver, (Wyo.) 222 Pac. 11, 29. Whether the constitution prevents the legislature from assigning additional grounds

for the removal of officers holding statutory offices, we have not decided, and need not decide in this case. If any officer controlled by the act in question wilfully fails, neglects or refuses to perform duties imposed on him by the act, or by intoxication or drunkenness renders himself unfit or unable to perform those duties, we think he would be guilty of misconduct in office, and, therefore, the act cannot be construed as enlarging the grounds for removal stated in the constitution.

We are also asked whether said section 36 violates section 27 of Article III of the state constitution which provides that the legislature shall not pass local or special laws in certain enumerated cases, and that, "In all other cases where a general law can be made applicable no special law shall be enacted."

We have already expressed the opinion that it was proper, as a means of enforcement of the prohibitory liquor law, to provide for the removal of administrative officers charged with duties thereunder. The contention is that this could not be done except by a law which would operate uniformly upon other officers. We are cited to no authority for holding that all officers, or all of any group of officers having dissimilar duties, would constitute a class that would be indivisible for the purposes of legislation for their removal. It may well be that officers having different duties naturally constitute different classes or subjects for legislation. Reals v. Smith,- 8 Wyo. 159, 166, 56 Pac. 690. In this view the legislature in providing for the removal of all officers having similar duties, would not be making a classification, but only legislating for a class which existed in the very nature of things. State v. Hedrick, 294 Mo. 21, 241 S. W. 402, 419. However this may be, we think the provision for the removal of officers having duties to perform under the act is general within the meaning of the invoked constitutional provision, whether the officers affected be considered as a natural subject for legislation, or as a class created by

the act.  The constitution does not prevent a reasonable classification of the objects of legislation.  The question in each case is whether the classification is reasonable in view of the object sought to be accomplished by the legislature.  Standard Cattle Co. v. Baird, 8 Wyo. 144; 56 Pac. 598; McGarvey v. Swan, 17 Wyo. 120, 138; 96 Pac. 697; State v. Sherman, 18 Wyo. 169, 177, 105 Pac. 299, 300 (27 L. R. A. (N. S.) 898, Ann. Cas. 1912 C. 819).  As said in the last cited case:

"The rule applies that all reasonable doubts are to be resolved in favor of the validity of the statute, and that the Legislature is presumed to have acted upon a knowledge of the facts, and to have had in view the promotion of the general welfare of the people as a whole; and hence the classification and discrimination involved therein must clearly appear to be unreasonable and therefore arbitrary in order to justify the court in declaring an act assailed on that ground to be void.  The Legislature having presumably determined that a difference of conditions exist rendering the legislation proper, the court must be able to say, upon a critical examination of the statute in the light of the object sought to be accomplished, or the evil to be suppressed, that the Legislature could not reasonably have concluded that distinctions existed relating to the purpose and policy of the legislation."

In view of these principles can it be said that the legislature is without authority to provide a special method for removal of officers who fail to perform their duties in connection with the enforcement of the prohibitory liquor law?  We think it may be stated as a fact that the enforcement of the eighteenth amendment by the combined agencies of the states and nation is attended with some difficulties not met in the enforcement of other laws.  The law affected the habits of a great many people.  Among those who do not actually violate it, it is claimed there are

many who view its enforcement with indifference, and: others who actually encourage its breach. The legislature may have thought that, while the conditions called for special vigilence on the part of the officers charged with the enforcement of this law, there were reasons for fear-. ing that some of those officers, assuming to follow their. own views as to the policy of the law, or influenced by others who look upon the law with indifference or antag- onism, might fail in their duty. The great danger is not that this particular law may be violated, for that may be: expected of any law, but that its violation may be greeted with public indifference and official inaction, engendering a contempt that would soon spread to other laws and lead to a condition which those not criminally inclined may well hesitate to contemplate. This is a danger which all good citizens must hope and strive to avert.

In view of all that we have said, without claiming that we have recited all the reasons that might have appealed to the legislature, we are not prepared to hold that it was unreasonable to treat the officers in question as a class, and to provide for their removal by a provision that does not apply to other officers in the state. In view of the object sought to be accomplished, the law is general and of uniform operation throughout the state and throughout the class of officers intended to be reached.

We are also asked whether section 36 in question is in violation of any one of several sections of the bill of rights as contained in article I of the state constitution, namely, section 6, the "due process of law" clause; section 7, pro- viding that absolute, arbitrary power over lives, liberty and property exists nowhere; section 8, providing that all courts shall be open, etc., and section 9, providing that the right of trial by jury shall be inviolate.

The rule is well established in this state that a public office is neither a contract nor a grant nor to be regarded as the property of the incumbent (Lee v. Board of Com- missioners, 3 Wyo. 53, 31 Pac. 1045, and Reals v. Smith,

8 Wyo. 170, 56 Pac. 690), and we have said that the provisions of the bill of rights do not interfere with the legislative control over such offices. State v. Grant, 14 Wyo. 41, 57, 81 Pac. 795, 82 Pac. 2, 1 L. R. A. (N. S.) 588, 116 Am. St. Rep. 982. We may concede, however, that the relator's right to his office is a right of which he may not be deprived by arbitrary action. But we see in the statute no authorization for the arbitrary removal of any officer. "Due process," as has often been decided, does not always mean judicial process. We take it, then, that sections 6 and 7 of article I of the constitution, as well as sections 8 and 9, are invoked as incidental to the point yet to be considered which involves the contention that relator cannot be removed from office except by judicial, as distinguished from administrative (or executive), action.

The point just mentioned is whether the challenged section attempts to authorize the governor to exercise judicial power contrary to section 1 of article 2 of the state constitution, which provides:

"The powers of the government of this state are divided into three distinct departments: The legislative, executive and judicial, and no persons or collection of persons charged with the exercise of powers properly belonging to one of these departments shall exercise any powers properly belonging to either of the others, except as in this constitution expressly directed or permitted."

This provision of the constitution was considered by this court in State v. Burdick, 3 Wyo. 588, 592, 28 Pac. 146, 148, where it was held that the auditing of a claim against the state was not a judicial function, the court saying:

"It is evident that the discharge of his (the state auditor's) duties may sometimes require the exercise of discretion, and it may be of a character called by some authorities '*quasi*-judicial discretion.' "

In Farm Investment Co. v. Carpenter, 9 Wyo. 110, 61 Pac. 258, 50 L. R. A. 747, 87 Am. St. Rep. 918, the same constitutional provision was invoked. It was contended that the Board of Control in determining priorities between contending claimants to the use of the waters of the state exercised judicial power that could be lodged only in some court. It was held that the determinations required to be made by the board are primarily administrative, the court saying, among other things:

"The board, it is true, acts judicially, but the power exercised is *quasi*-judicial only, and such as under proper circumstances may appropriately be conferred upon executive officers or boards."

*Quasi*-judicial power has been defined as the power to perform acts administrative in character, but requiring incidentally the trial and determination of questions of law and fact. 36 Harvard L. Rev., p. 420. This is the character of the power of the Board of Control as considered in Farm Investment Co. v. Carpenter, *supra,* and of the Governor as conferred upon him by the challenged statute. Such a power is not one properly belonging to the judiciary within the meaning of section 1 of article 2 of the constitution. This view finds support in a great number of authorities, of which we cite only a few. Lynch v. Chase, 55 Kan. 367; 40 Pac. 666; Donahue v. Will County, 100 Ill. 94; State v. Hawkins, 44 Oh. St. 98; 5 N. E. 228; State v. Oleson, 15 Nebr. 247; 18 N. W. 45; State v. Common Council, 90 Wis. 612; 64 N. W. 304; Fuller v. Attorney General, 98 Mich. 96; 57 N. W. 33; Koeper v. Street Ry. Comm. 222 Mich. 464; 193 N. W. 221; Gilbert v. Board,

11 Utah 378; 40 Pac. 264; Caldwell v. Wilson, 121 N. C. 425; 28 S. E. 554; Gray v. McLenden, 134 Ga. 224; 67 S. E. 859; McCrain v. Gaul, 95 N. J. L. 393, 112 Atl. 341; State v. Hedrick, 294 Mo. 21, 241 S. W. 402; State v. Frazier, 39 N. Dak. 430, 167 N. W. 510.

Our conclusion that the challenged statute is not violative of any provision of the bill of rights, nor of the provision for separation of the departments of government, is supported by the clear weight of authority in other states, and is in harmony with the cited decisions of this court in cases concerning the removal of public officers and the exercise of *quasi*-judicial powers.

In the foregoing discussion we have sufficiently expressed our opinion on all the reserved questions concerning the constitutionality of the attacked statute, and it will not be necessary to set forth the questions more fully, or to give a categorical answer to each.

We are also asked whether under the constitution the District Court has jurisdiction to issue a writ of prohibition against the governor. On this question the relator contends that the court has such jurisdiction, and the attorney general does not take issue with him, nor cite any authority to the contrary. As the relator's claim that the governor is acting without jurisdiction is grounded on the alleged unconstitutionality of the law, and under this opinion the law cannot be held invalid on any suggested ground, it is unnecessary to answer any other question.

POTTER, Ch. J., and BLUME, J., concur.

NOTE—See Headnotes (1) 36 Cyc. p. 1042; (2) 12 C. J. p. 788; (3) 36 Cyc. p. 1018; (4) 36 Cyc. p. 976; (5) 36 Cyc. p. 979; (6) 29 Cyc. p. 1410; (7) 36 Cyc. p. 1016; (8) 36 Cyc. p. 992; (9) 29 Cyc. p. 1408; (10) 29 Cyc. p. 1415; (11) 12 C. J. p. 1287; (12) 12 C. J. p. 1196; (13) 12 C. J. p. 1241; (14) 12 C. J. p. 901; 34 C. J. p. 1180; (15) 35 C. J. p. 184.